**CONTINENTAL OIL CO. v. JONES, Collector of Internal Revenue.**

**No. 4362.**

United States District Court
W. D. Oklahoma.

Jan. 26, 1950.

R. O. Wilson and Harold Skinner, Ponca City, Okl., for plaintiff.

Robert E. Shelton, United States Attorney, Oklahoma City, Okl., Leland T. Atherton, Department of Justice, Washington, D. C., for defendant.

CHANDLER, District Judge.

1. This action was brought by Continental Oil Company, a Delaware corporation, against H. C. Jones, Collector of Internal Revenue for the District of Oklahoma, for a refund of taxes on the alleged transportation of property under Section 3475 of the Internal Revenue Act, 26 U.S.C.A. § 3475. This Court has jurisdiction of the parties and of the subject matter.

2. The transportation taxes sued for, in the sum of $5,247.40, represent three per cent of the amount paid by plaintiff to Whitehurst Construction Company for the furnishing of certain dump trucks and drivers to the plaintiff at Ponca City, Oklahoma, from December, 1942, to May, 1946. Said taxes were paid by the plaintiff to the Collector of Internal Revenue at Oklahoma City, for the periods, in the amounts, and on the dates set forth in the following table:

| Taxable Period | Date of Payment | Amount |
|---|---|---|
| 1944 | 1944 | |
| December 1942 through March, 1944 | September 4 | $1,875.69 |
| April | May 18 | 65.53 |
| May | June 15 | 48.13 |
| June | July 14 | 42.25 |
| June | July 21 | 4.23 |
| July | August 16 | 99.31 |
| August | September 15 | 108.66 |
| September | October 5 | 129.52 |
| October | November 4 | 146.27 |
| November | December 16 | 181.08 |
| | December 30 | 199.94 |

| 1945 | 1945 | |
|---|---|---|
| January | February 17 | 153.27 |
| February | March 15 | 110.34 |
| March | April 10 | 100.46 |
| April | May 14 | 96.80 |
| May | June 14 | 288.33 |
| June | July 10 | 230.20 |
| July | August 9 | 255.59 |
| August | September 11 | 390.33 |
| September | October 18 | 195.81 |
| October | November 20 | 118.42 |
| November | December 15 | 115.49 |
| December | December 29 | 67.08 |
| **1946** | **1946** | |
| January | February 5 | 51.01 |
| February | March 9 | 8.76 |
| March | April 10 | 24.72 |
| April | May 15 | 46.44 |
| May | June 14 | 93.74 |
| | Total | $5,247.40 |

The Court finds that the last two payments, made on May 15, 1946, and on June 14, 1946, for the sums of $46.44 and $93.74, respectively, were paid to S. H. Sturgeon, Acting Collector of Internal Revenue; except for said last two payments all the remaining payments totaling $5,107.22, were made to the defendant, H. C. Jones, Collector of Internal Revenue.

3. That on or about October 31, 1946, plaintiff filed a proper Claim for Refund covering all of said payments, and that thereafter, under date of May 1, 1946, said claim was denied by registered letter from the Commissioner of Internal Revenue.

4. The dump trucks furnished by Whitehurst Construction Company, as aforesaid, were used by plaintiff in the construction of certain water reservoirs contained by earth-work embankments and in the filling and the leveling of the immediate area, the essential function of said trucks being the moving and dumping of earth; that all of the earth excavated in this connection and hauled and dumped by said trucks was used in said project; that all movements of said dump trucks were within the confines of the refinery premises of plaintiff at Ponca City, and that the dump trucks involved were used exclusively for the purposes aforesaid, and for no other purpose.

5. That Whitehurst Construction Company has never at any time been engaged in the business of carrying property for hire, and was during all the times material to this case engaged in business as a construction contractor catering specially to the oil industry; that in relation to the construction work being carried on by plaintiff, Whitehurst only undertook to furnish to the plaintiff the dump trucks and drivers for said project; the construction operation generally, and the work of the dump trucks in connection therewith, being directed and supervised by the plaintiff. It is the further finding of the Court that the dump trucks and drivers were employed and paid by Whitehurst Construction Company on an hourly basis, and that Continental Oil Company compensated Whitehurst Construction Company for the furnishing of said trucks as aforesaid on the basis of its cost plus ten per cent.

6. It is the further finding of the Court that in the hiring and procuring of said dump trucks and drivers for Continental, Whitehurst Construction Company was aware of and knew the purpose for which said dump trucks and drivers were employed.

### Conclusions of Law

A. All conditions precedent, imposed by law, or required under the Regulations of the Treasury Department in pursuance thereof, to the bringing of this action, have been complied with.

B. The operation of the dump trucks did not constitute transportation of property from one point in the United States to another within the meaning of Section 3475 of the Internal Revenue Code, and payment for the use of said dump trucks hired on an hourly basis and used only within the confines of plaintiff's refinery area, and as an incident of the construction of water reservoirs and the filling and leveling of the immediate area, was not a payment for the transportation of property, within the terms of the statutory provision referred to. The hauling and dumping of dirt by the dump trucks, under the circum-

stances in this case, constitutes or is an incident of construction, and presents none of the elements of transportation as that term is generally understood.

C. Plaintiff is not entitled to recover for the last two payments made for the months of April 1946, on May 15, 1946, in the sum of $46.44, and for the month of May 1946, on June 14, 1946, in the sum of $93.74, for the reason that said sums were not paid to the defendant in this action; that except for said last two payments, plaintiff is entitled to judgment for the sums equal in amount to the payments made to the defendant, H. C. Jones, Collector of Internal Revenue, as set forth above in paragraph 2 of the Findings, totaling the sum of $5,107.22, with interest on each portion thereof from the respective dates of payment at six per cent per annum to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue pursuant to 26 U.S.C.A. § 3771. Judgment for the plaintiff for said sums will be entered as of the date of the filing of these Findings and Conclusions of Law, this 26 day of January, 1950.