## SMITH v. UNITED STATES.
### Civ. 505.

United States District Court
N. D. Florida, Pensacola Division.
March 31, 1953.

Cornett, Turner & Duncan and David W. Palmer, Panama City, Fla., for plaintiff.

Hayford O. Enwall, Ass't U. S. Atty., Gainesvile, Fla., for defendant.

DE VANE, Chief Judge.

This case is before the court on motion for summary judgment for plaintiff. The facts in the case, as disclosed by the complaint and supported by affidavits filed by plaintiff, are not in dispute. The suit is to recover taxes in the amount of $118.05 imposed on plaintiff under authority of 26 U.S.C.A. § 3469, and paid under protest.

The pleadings and evidence show that plaintiff operated a fishing boat for charter during 1951. Plaintiff charged for the use of his boat the sum of $30 for five hours or less, irrespective of the number of persons embarking on a fishing trip on the boat. Where the boat was used by a fishing party for more than five hours an additional charge of $5 per hour was imposed upon the fishing party. The members of the party divided the costs among themselves as they saw fit.

Section 3469 was enacted by Congress and became a law September 20, 1941. This Section imposed a tax for the transportation of persons by rail, motor vehicle, water or air within, and, under certain conditions without, the United States. The record in this case is not clear as to when the Internal Revenue Bureau attempted to apply the Section to charter party operations by fishermen, but so far as this case is concerned, the record shows that no tax was ever imposed on plaintiff until 1951 and the complaint in this case alleges that in 1951

Nebraska in 1951. See R.S.Supp.1951, Sec. 25–1010.

the tax was imposed at some places and not others where charter boats operated. The complaint alleges also that the tax imposed at different places varied materially. From the record in the case it may be safely stated that no serious effort was made by the Bureau of Internal Revenue to impose and collect the tax on charter parties prior to 1950.

Section 493(a) of the Internal Revenue Act of 1951 amended Section 3469(b) to provide that the "amounts paid for transportation by boat for the purpose of fishing from such boat" should thereafter be exempt from the tax imposed on transportation. The question before the court is whether or not the amount paid by charter parties for fishing trips prior to the amendment was properly levied and collected. Counsel for the respective parties cite to the court no prior decision touching this question and the court, after diligent search, finds none.

Other features of the tax imposed on transportation by this Section has, however, been before the courts in many cases. A leading case in this Circuit is Masonite Corp. v. Fly, 194 F.2d 257. In this case the Collector of Internal Revenue had imposed a tax on a manufacturer of wallboard from pulpwood where the manufacturer had employed owners of trucks to load pulpwood into their trucks and haul it to nearby railroad tracks and load it into railroad cars for transportation to the manufacturer's plant. None of the truck owners were common carriers and they were paid on a unit basis to remove the pulpwood and load it on the cars. The court held the tax improperly imposed in this case. For other cases to the same effect see: Earle, Collector v. Babler, 9 Cir., 180 F.2d 1016; Edward H. Ellis & Sons, Inc. v. U. S., 3 Cir., 187 F.2d 698; Continental Oil Company v. Jones, Collector, D.C., 92 F.Supp. 927; Deluxe Check Printers, Inc., v. U. S., D.C., 99 F.Supp. 785.

In the case at bar the charter charge imposed for taking any number of fishermen, up to eight, is $30 for any period of time not exceeding five hours, and $5 per hour for each additional hour. It makes no difference whether the charter party is comprised of two or eight persons, the charge is the same. Plaintiff is captain of his own boat, with a helper who goes along on each trip and in addition to taking the fishing party to the place where it desires to fish plaintiff furnishes rods, reels, lines, hooks, sinkers, bait, etc. and the helper to clean or dress the fish.

Clearly an operation of this character is not transportation upon which a tax may be imposed under the provisions of Section 3469, supra. The court finds and holds that the tax was illegally assessed and collected in this case and that plaintiff is entitled to recover. Miller, Collector v. Standard Nut Margarine Company of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.

Defendant having answered in this case, plaintiff's motion for default judgment will be denied and a judgment in plaintiff's favor, in conformity with this memorandum decision, will be entered.