**Ronald E. GIBSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 530.**

United States District Court
N. D. Florida, Pensacola Division.

July 1, 1954.

On the Merits April 7, 1955.

David W. Palmer, Destin, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., and Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for the United States.

DE VANE, Chief Judge.

Section 3469, Title 26 U.S.C.A. became a law September 20, 1941. This section imposed a tax for the transportation of persons by rail, motor vehicle, water or air, within and under certain conditions, without the United States. After the Section had been a law for some years the Bureau of Internal Revenue began a sporadic application of the section to fishing boats chartered by the hour or day to fishing parties. One of the few areas in which the law was applied to this type of operation is within the jurisdiction of this court and a number of fishing boat operators were required to pay the tax. The legality of the tax was promptly raised and a test case was brought in this court to determine the application of the section to fishing boats chartered at hourly rates to fishing parties. In that case the court held the section not applicable to such operations. Smith v. U. S., D.C., 110 F.Supp. 892. The defendant did not appeal from the decision of the court in the case.

The question then arose as to the best procedure to be followed for the protection of the claims of the remaining claimants while their cases were being processed through the Bureau of Internal Revenue, to provide such time and to toll the statute of limitations while this was being done, and this case was processed to a point where suit could be filed whereupon plaintiff filed his suit in this court

on June 3, 1953, and on August 14, 1953, plaintiff filed a motion with this court seeking to also have made parties-plaintiff, persons (naming them) similarly situated. Defendant resisted this motion.

When the matter came on for hearing before the court counsel for the respective parties were advised that the motion would be denied, but the entry of an order denying the same would be delayed until counsel for the parties notified the court that the claims of those seeking to intervene had been processed with the Bureau of Internal Revenue to a point where suit could be filed, if necessary. Since that date the Bureau of Internal Revenue has settled some of the claims, but has declined to pay others and counsel for the respective parties have today notified the court that the time has arrived when it is appropriate for the court to enter its order herein denying the motion for joinder of other parties-plaintiff in this suit.

Such an order will be entered herein.

### On the Merits

This is a suit to recover certain transportation taxes paid by the plaintiff to the defendant under the provisions of 26 U.S.C. § 3469, prior to its amendment on October 20, 1951, exempting from such taxes boat transportation for merely fishing purposes.

From the pleadings and evidence the Court finds that between April and September, inclusive, 1951, the plaintiff operated a deep sea fishing boat for hire on either a boat charter or individual fisherman-passenger basis, that his charge was $60 per day if the boat were chartered, irrespective of the number of persons transported, or $5 per person per day, if on a non-charter basis.

That upon learning that other operators were being assessed the transportation tax, plaintiff filed voluntarily monthly returns of the transportation tax and, at various times, made tax payments between April 9, 1951, and November 21, 1952, which payments were for the period of April through Septem-

ber, 1951, aforesaid and which payments aggregated the sum of $70.13 sued for herein.

The Court finds further, however, from the plaintiff's affidavits dated September 28, 1953, and December 3, 1954, that such taxes were paid by the plaintiff from the moneys received by him on account of his charges to his charterers or passengers, and that such taxes were not collected as such from such persons. No proof to the contrary was submitted by the defendant.

That thereafter, administrative claims for the refund of such taxes aforesaid were filed on behalf of the plaintiff but were disallowed.

In the case of Smith v. United States, 110 F.Supp. 892, this Court held on 31 March, 1953, that the transportation tax involved herein was illegal, insofar as this type of passenger-fishing boat operation was concerned.

Accordingly, a judgment in conformity with these findings and conclusions will be entered for the plaintiff.