**Benson WALLS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 478.**

United States District Court
N. D. Florida, Tallahassee Division.

April 5, 1955.

David W. Palmer, Destin, Fla., Cornett, Duncan & Leath, Panama City, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., and Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for the U. S.

DE VANE, Chief Judge.

This is a suit to recover certain transportation taxes paid by the plaintiff to the defendant under the provisions of 26 U.S.C. § 3469, prior to its amendment on October 20, 1951, exempting from such taxes boat transportation for merely fishing purposes.

From the pleadings and evidence the Court finds that between June, 1948, and September, 1951, inclusive, the plaintiff operated a deep sea fishing boat for hire, and that his charge to his fisherman-passengers was $5.50 per person per day.

That between 15 July 1948 and 29 October 1951 in accordance with certain returns of the transportation tax filed by the plaintiff and at various times during such period, the plaintiff made tax payments, which aggregated the sum of $477.75, sued for herein.

The Court finds further, however, from the plaintiff's affidavit dated 22 October 1954 that such taxes were paid by the plaintiff from the moneys received by him on account of his charges to his fisherman-passengers and that such taxes were not collected as such from such persons. No proof to the contrary was submitted by the defendant.

That thereafter, administrative claims for the refund of such taxes aforesaid were filed on behalf of the plaintiff but were disallowed.

In the case of Smith v. United States, D.C., 110 F.Supp. 892, this Court held on 31 March 1953 that the transportation tax involved herein was illegal, insofar as this type of passenger-fishing boat operation was concerned.

Accordingly, a judgment in conformity with these findings and conclusions will be entered for the plaintiff.