Benson WALLS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Joseph D. SWEENEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Mary Alma KNOWLES, Plaintiff,

v.

UNITED STATES of America, Defendant.

Eugene JONES, Plaintiff,

v.

UNITED STATES of America, Defendant.

William D. WALKER, d/b/a Walker & Pace, Plaintiff,

v.

UNITED STATES of America, Defendant.

C. S. ANDERSON et al., Plaintiff,

v.

UNITED STATES of America, Defendant.

Curtis E. WARE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 478, 479, 482, 481, 484, 485, 496.

United States District Court
N. D. Florida, Tallahassee Division.
Sept. 27, 1955.

David W. Palmer, Destin, Fla., for plaintiffs.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

Title 26 U.S.C.A., § 3469 became a law September 20, 1941. This section imposed a tax for the transportation of persons by rail, motor vehicle, water or air, within, and, under certain conditions, without the United States. After the section had been a law for some years the Bureau of Internal Revenue began a sporadic application of the section to fishing boat charters by the hour or day to fishing parties. One of the few areas in which the law was applied to this type of operation is within the jurisdiction of this court and a number of fishing boat operators were required to pay the tax.

The legality of this tax was promptly raised and a test case was brought in this court to determine the application of the section to fishing boats chartered at hourly rates to fishing parties. In that case the court held the section was not applicable to such operations. Smith v. U. S., D.C., 110 F.Supp., 892. The defendant did not appeal from the decision of the court in this case.

The question then arose as to the best procedure to be followed for the protection of the claims of the remaining claimants while their cases were being processed through the Bureau of Internal Revenue and at the same time to provide a method for the tolling of the statute of limitations while this was being done. It was decided that this could be best accomplished and much time and expense saved by processing one of these cases to a point where suit could be brought by a plaintiff and in that case by such plaintiff seeking to bring in all other parties as plaintiffs similarly situated. This resulted in the institution of the case of Gibson v. United States, D.C., 137 F.Supp. 296.

The motion filed by plaintiff in this case seeking to also have made parties plaintiff all persons (naming them) similarly situated remained undisposed of until the court was advised by the parties that all the claims of those named in the Gibson suit had been processed as far as possible.

Many of the claims were paid, but in others, including those enumerated above, payment was refused. Upon being notified by counsel for the respective parties as to the refusal of the government to pay the claims, the motion for a class action was denied and suits were promptly instituted in all cases where payment had been refused.

When the cases were at issue the court directed counsel for the respective parties to agree, where possible, upon the amount of taxes collected from each plaintiff and counsel agreed upon this issue in each case.

Defendant defended the action in these cases on technical grounds of failure to make proper proof of claim. The court overruled this objection and where no meritorious defense was imposed by the government judgment was entered for plaintiffs. It resulted in judgments for plaintiffs in all the foregoing cases. In other cases the government was successful in other defenses raised, and in those cases judgments were entered for the government.

What has been done in these cases is the right of the matter and the court holds judgments in each of these cases for plaintiffs in the amounts stated were properly entered.

This memorandum has been filed at the request of counsel for the respective parties after notice of appeal was filed by defendant in each case. See Memorandum Decision in Walls v. United States, D.C., 137 F.Supp. 518.