**UNITED STATES of America, Appellant,**

v.

**Benson WALLS, Appellee.**

**No. 15781.**

United States Court of Appeals Fifth Circuit.

April 12, 1956.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Harrold Carswell, U. S. Atty., Tallahassee, Fla., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Walter R. Gelles, Attorneys, Department of Justice, Washington, D. C., for appellant.

D. W. Palmer, Destin, Fla., Walter G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

The judgment of the trial court upon a motion for summary judgment in favor of the taxpayer in his suit for refund of transportation taxes illegally collected from him as proprietor of fishing boats for hire is reversed and the case is remanded to the trial court for a trial on

the issues of fact raised by the pleadings and affidavits. The statute requires that such recovery can be had only upon proof that the taxpayer repaid the amount of such tax to the person from whom he collected it, or obtained the consent of such person to the allowance of such credit or refund.[1] The taxpayer sought to avoid the application of this statute by asserting that he had paid the taxes out of his personal funds and had not collected them from his patrons. By an affidavit filed in response to the motion for summary judgment, the Internal Revenue agent stated that the taxpayer had stated to him that he had regularly reported the collection of the taxes in question, which he understood and considered to be a part of his regular fare charged to his customers. This affidavit presented a clear issue of fact which could not be resolved by the court on motion for summary judgment. Chappell v. Goltsman, 5 Cir., 186 F.2d 215.

Reversed and remanded for further proceedings not inconsistent with this opinion.