Victor PUIG, d/b/a Dominican Republic
Steamship Lines, Plaintiff,

v.

Laurie W. TOMLINSON, District Direc-
tor of Internal Revenue, Jackson-
ville, Florida, Defendant.

Civ. No. 6124.

United States District Court
S. D. Florida, Miami Division.

April 17, 1956.

Howard Curry, Coral Gables, Fla., for
plaintiff.

James L. Guilmartin, U. S. Atty., E.
David Rosen, Asst. U. S. Atty., Miami,
Fla., Charles K. Rice, Acting Asst. Atty.
Gen., Andrew D. Sharpe and Roger M.
Stuart, Jr., Attys., Dept. of Justice,
Washington, D. C., for defendant.

CHOATE, District Judge.

This cause for refund of claimed over-
payments of transportation tax came on
to be heard on the 30th day of March,
1956, upon the motions of both the plain-
tiff and the defendant for summary judg-
ment filed on February 13, 1956, and
March 5, 1956, respectively, and the Court
having heard argument of counsel, hav-
ing examined the stipulation of facts be-
tween the parties, filed with me at the
pre-trial conference on the 10th day of
January, 1956, and having read the briefs
submitted by both sides, is of the opinion
that there is no genuine issue as to any
material fact and that the plaintiff, Vic-
tor Puig, is entitled to a summary judg-
ment as a matter of law.

■ The general facts concerning the operation of the plaintiff's business and the other pertinent facts surrounding the basis of the claimed overcharges of tax are fully set forth in the stipulation of facts between the parties. The sole issue to be determined by the Court is whether a transportation tax, which was paid for the full amount of an all-expense trip ticket, may be refunded to the extent of the tax paid for the nontransportation charges as determined by the books and records of the transporting company, which books and records did not reflect the nontransportation charges and transportation charges for each ticket in the exact amounts when the transportation tax was initially paid, but which books and records were sufficiently complete to yield the exact charges for transportation and nontransportation services by a simple mathematical computation. The Court is of the opinion that such a refund should be made.

Section 3469(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3469(a) imposes a tax upon the amount paid within the United States for transportation of persons by water within or without the United States. Section 130.52 of Treasury Regulations 42 provides:

"Where a payment covers charges for nontransportation services as well as for transportation * * * the charges for the nontransportation services may be excluded in computing the tax payable with respect to each payment, provided such charges are separable and are shown in the exact amounts thereof *in the records* pertaining to the transportation charge." (Emphasis supplied.)

Section 130.54 of Treasury Regulations 42 reads:

"Payments Not Subject to Tax— In addition to the payments specifically exempt from tax * * * the following are examples of transportation payments not subject to tax:

* * * * * *

"(h) Miscellaneous charges.— Where the charge is separable from the payment for transportation of a person, and is shown in the exact amount thereof *on the records* pertaining to the transportation payment, the tax does not apply to the following and similar charges: (Emphasis supplied.)

"(Types of nontransportation charges set forth.)"

Congress has by statute made transportation charges taxable. Sec. 3469, Int.Rev.Code 1939, 26 U.S.C.A. § 3469. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, was empowered by Congress to prescribe and publish all needful rules and regulations for the enforcement of the chapter of the Code imposing that transportation tax. Sec. 3472, Int.Rev. Code 1939, 26 U.S.C.A. § 3472.

■ In the case at bar the pivotal point of fact is the sufficiency of the plaintiff's records. The defendant Director maintains that the plaintiff's records did not comply with Treasury Regulations 42, Sections 130.52 and 130.54(h)(4), and he is, therefore, not entitled to a refund. For this Court to accept that contention and to hold that the cited regulations require a separation of charges on each ticket sold or on similar types of records, and that for the failure to make that separation on the ticket or on similar types of records a transportation tax is due on the entire amount, nontransportation charges included, would be a dangerous step toward empowering the Commissioner of Internal Revenue with the power to impose taxes—a power constitutionally granted to Congress. The Commissioner can implement Congressional legislation, not supplement it; and can impose reasonable regulations as to proof of exemptions, but not otherwise.

If the state of the plaintiff's records were such that no allocation could have been made between the transportation and nontransportation charges, then a regulation by the Commissioner setting forth reasonable percentages for allocation between those charges would have

been proper to implement the taxing statute. In addition, if the Commissioner had prescribed a method of keeping books and records, which Regulation carried with it sanctions, then the Commissioner would be enforcing the statute taxing transportation charges.

But in the present case wherein the books *and records* of the travel company are sufficiently clear and susceptible of analysis as to transportation and nontransportation charges, just because the company did not go one step further when it sold the travel ticket and show the separation of charges upon the ticket or on similar types of records does not mean that the entire amount paid for the all-expense tour is taxable as a transportation charge. On the contrary, where the travel company, by competent proof through its regularly kept records, can establish what the differentiation of charges were, it is entitled to collect a refund for those tax claims for which it has received consents from the taxpayer.

That the books and records of the travel company are sufficiently clear so as to reflect a proper allocation of the transportation and nontransportation charges is evidenced by the fact that counsel for the Government stipulated with counsel for the plaintiff in the stipulation filed before me on the 10th day of January, 1956 (and filed herein on January 11, 1956) that: "The parties agree that in the event of judgment in favor of the Plaintiff, the amount of the refund will be computed by the parties".

For the above reasons, it is,

Ordered and adjudged that summary judgment be and the same is hereby entered in favor of the plaintiff, Victor Puig, doing business as Dominican Republic Steamship Lines, and it is,

Further ordered and adjudged that upon the presentation to the Court of the amount of refund as computed by the parties, a final judgment will be entered in favor of the plaintiff, and it is,

Further ordered and adjudged that defendant Tomlinson's motion for summary judgment filed on March 5, 1956, be and the same is hereby denied.