UNITED STATES of America, Appellant,

v.

William Douglas WALKER and John C. Pace, Trading and Doing Business as Walker and Pace, Appellees.

No. 15926.

United States Court of Appeals Fifth Circuit.

June 15, 1956.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C., Harrold Carswell, U. S. Atty., Tallahassee, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., for appellant.

David W. Palmer, Walter G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellees.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

The judgment of the trial court, sitting without a jury, granting a recovery to appellees for a refund of transportation taxes, illegally collected from them as proprietors of fishing boats for hire, is affirmed. The legality of this tax as applied to operators of fishing boats for hire was tested in Smith v. United States, D.C., 110 F.Supp. 892. In that case the court below found that the tax had been illegally asserted in the case of operators of fishing boats. The decision was not appealed.

The present case is one of several suits brought against the United States for a recovery of the taxes that were paid by fishing boat operators prior to the court's decision in the Smith case.

The statute requires that a recovery of taxes collected by virtue of the Transportation Tax Act can be had only upon proof that the taxpayer repaid the amount of such tax to the person from whom he collected it or obtained the consent of such person to the allowance of such credit or refund.[1] The taxpayers here sought to avoid the application of this statute by asserting that they had paid the taxes out of their personal funds and had not collected them from their patrons. Both the taxpayers and the Government conceded in argument here that the sole issue before the trial court was whether the taxpayer had borne the economic burden of the tax. On this question of fact the trial court found with the taxpayer. Although the state of the record is far from satisfactory, since much of the evidence introduced in the court below came in as a part of background testimony relating to many different pending cases, neither the Government nor the taxpayers sought to have the record enlarged by adding other proceedings in the trial court. Although the evidence in support of appellees' position was weak, it was nevertheless sufficient to support the finding of the trial court in their favor. We cannot hold that this finding was clearly erroneous.

The judgment is

Affirmed.

---

1. 26 U.S.C.A. (1952 ed.) § 3471. See United States v. Walls, 5 Cir., 231 F.2d 440.