**UNITED STATES of America,**
**Appellant,**

v.

**Mary Alma KNOWLES, Appellee.**

**No. 15925.**

United States Court of Appeals
Fifth Circuit.

June 27, 1956.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Charles K. Rice, Asst. Atty. Gen., A. F. Prescott, Lee A. Jackson, Karl Schmeidler, Washington, D. C., for appellant.

David W. Palmer, Walter G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

PER CURIAM.

Another of a long line, United States v. Walls, 5 Cir., 231 F.2d 440, United States v. Walker and Pace, 5 Cir., 234 F. 2d 910; Davis v. United States, 5 Cir., 235 F.2d 174; sired by Smith v. United States, D.C.Fla., 110 F.Supp. 892, of confusing cases for refunds of the transportation tax illegally collected from operators of for-hire fishing boats, the Government challenges the District Court's judgment allowing recovery of $4,981.67 to the plaintiff boat owner.

The appeal is, without question, well taken as to $1,160.48 comprising the taxes paid prior to June 1, 1950, and which are beyond the four-year reach, 26 U.S.C.A. (1952) § 3313, of the claim for refund filed June 1, 1954, Davis v. United States, supra, and judgment for the Government is rendered as to this amount.

Concerning the balance ($3,821.-19) for taxes on operations at St. Petersburg, the Government points to the uncontradicted specific fact that the uniform charge of $3.00 was almost instantly increased to the odd figure of $3.38 (15% transportation tax on the portion, $2.50, attributed to transportation after deducting 50¢ for ice, bait, lines, etc.) after receipt of the Collector's letter of March 30, 1950, advising boat operators in this area for the first time, that a tax was collectible. On this the Government insists that this proved a collection of the tax from the customers with no economic burden suffered by the boat operator, and that the matter could not be saved by the unsupported conclusionary testimony that the raise was made, not for the tax, but merely because competitive conditions required maintenance of uniform charges by all.

The record is thin indeed and in its present form comes perilously close to the 1951 collections ($686.88) rejected altogether by us in Davis v. United States, supra. But since, unlike that case in which it was apparently agreed that all courts could resort to any useful information held or gained by any in any one of a dozen or more proceedings, papers, motions, affidavits, or records as this omnibus matter pursued its tortuous course, much, if not all, of the difficulty flows from the failure to present, below and here, a record complete for this case, we think that the interests of justice would be best served by a reversal and remand for a full trial, and the development of a usably reliable record on this basic issue of the economic burden of the tax.

Reversed and rendered in part and remanded in part.