**George W. DAVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15942.**

United States Court of Appeals
Fifth Circuit.

June 15, 1956.

As Modified on Denial of Rehearing
Aug. 22, 1956.

David W. Palmer, Walter G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellant.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C., Harrold Carswell, U. S. Atty., Tallahassee, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., A. F. Prescott, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This is a companion case, in point of time and as relates to issues involved, with United States v. Walker, 5 Cir., 234 F.2d 910. It differs, however, in the fact that the appellant here paid the illegal taxes imposed by the Transportation Tax Law, 26 U.S.C.A. § 3469, in three separate categories, those that were paid from April, 1947, through December, 1949, those paid during the year 1950, and those that were paid for the ten months January through October, 1951.

This division of the payments into the three categories is necessitated by reason of the particular facts of this case. As to the taxes paid during the period April, 1947, through 1950, the taxpayer filed a claim for refund on May 31, 1951. Such claim for refund must be filed as a condition to the filing of any suit for refund.[1] This claim was allowed in part and denied in part in February, 1952. No suit for refund was filed by the appellant until June 11, 1954, which is more than two years after the denial of the claim on February 29, 1952. No suit for the recovery of such taxes can be filed more than two years after such denial.[2] Thus the partially denied claim of May 31, 1951 would not support the present suit.

A second claim for refund was filed on January 8, 1954. Under the statute this claim could support a refund for only those taxes paid by appellant during the previous four-year period.[3] Thus, this second claim for refund could not support the present suit except as to taxes actually paid by the appellant subsequent to January 8, 1950. It appears that $1833.86 in taxes was paid during the year 1950, and the sum of $686.88 was paid during 1951. Thus, of the $3713.45 sued for, $1190.71 was barred by failure to file a timely claim for refund and $2522.74 was still open, by reason of the filing of the January 8, 1954 claim.

Upon the trial, the court found that the appellant was not entitled to any refund because Davis had testified that he had increased his boat fare from $5.00 to $5.60 to cover the amount of the tax. Of course, if this testimony related to the entire period of the years in question, the right of the taxpayer to recover would clearly be destroyed by his own testimony. However, we think it abundantly clear that this testimony related only to the year 1951, because it is apparent from the mass of affidavits and letters and other documents that, by stipulation of the parties, we are permitted to consider as part of the record, this fare increase was made no earlier than December, 1950.[4]

We are, therefore, bound to give full effect to the court's finding as to the period of time as to which Davis intended his testimony to apply. Thus, the court correctly denied his right to recover anything for the year 1951, since it is clear that for that year Davis collected the amount of the tax paid by him from his customers.

As to the year 1950, Davis' testimony stands undisputed that he did not collect any part of the amounts paid by him as tax from his customers. On this same testimony in other cases, the court found in favor of the taxpayer. We conclude that it was error for it not to do so here.

Thus, of the total amount of $3713.45 sued for, $1190.71 was barred by the lack of a timely claim for refund for payments made in 1947, 1948 and 1949; $686.88 was barred because collected by the taxpayer from his customers in 1951; $1833.86 is recoverable by the appellant as having been paid by him in 1950, during the period covered by his claim for refund and not collected from his customers.

The judgment is reversed and remanded with directions that judgment be entered for the plaintiff Davis for the sum of $1833.86, together with such interest as may be allowed by law.

Reversed and remanded.

1. 26 U.S.C.A. (I.R.C.1939) § 3772(a) (1).

2. 26 U.S.C.A. (I.R.C.1939) § 3772(a) (2).

3. 26 U.S.C.A. (I.R.C.1939) § 3313.

4. Taxpayer's counsel conceded in open court that the increase went into effect in November or December. He said: "I understand in November or December and throughout the spring of 1951, and thereafter, what he (Davis) said about the change in the price for the tax is correct, but for 1950 and prior years that is a different situation. I would like to develop the facts." He did not at that point develop the facts further but the court permitted the introduction of affidavits and statements without objection by the government, and it is from these affidavits and statements that it is clear that the price increase actually applied in December 1950 or January 1951.

## On Petition for Rehearing

It appearing that the original opinion in the above styled case contained a mathematical error in favor of the defendant-appellee in the sum of $2, and that plaintiff-appellant paid interest of $1.29 on the illegal payments, which he is entitled to recover, it is ordered that the opinion be and it is hereby modified to provide that the judgment to be entered for the appellant be for the sum of $1,837.15; otherwise the motion for rehearing is hereby

Denied.