**Jack SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16457.**

United States Court of Appeals Fifth Circuit.

April 3, 1957.

David W. Palmer, Destin, Fla., W. G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellant.

George F. Lynch, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Harrold Carswell, U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

## PER CURIAM.

This is another in that series of cases [1] sired by Smith v. United States, D.C.N.D. Fla., 110 F.Supp. 892, for the recovery of "transportation of persons" taxes alleged to have been paid by the operators of fishing boats. In the Smith case, it was held that the tax imposed by section 3469 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3469, had been illegally asserted in the cases of operators of fishing boats, and the taxpayer, appellant herein, was allowed a recovery of such taxes paid for the months of February through April, 1951, in the total amount of $118.-05. The Government did not appeal that decision and does not now take issue with the law of that case.

This case is an extension of the Smith case, supra, in that appellant now seeks to recover the taxes alleged to have been paid by him for the ensuing months of June, July, and August, 1951. Section 3471(a) of the 1939 Code, 26 U.S.C.A. § 3471(a), requires that such recovery can be had only upon proof that the claimant repaid the amount of such tax to the person from whom he collected it, or obtained the consent of such person to the allowance of such refund. Appellant seeks to avoid the application of this statute by asserting that he paid the taxes from his own funds and did not collect them from his patrons. By an opposing affidavit filed in response to appellant's motion for summary judgment, an internal revenue agent stated that, in support of a claim for refund bearing date of September 29, 1951, pertaining both to the $118.05 recovered in the prior Smith case as well as to the $243.24 sought to be recovered herein, appellant submitted a statement in which he admitted that he had collected the $243.24 "in taxes as such" and that this sum was paid by appellant after he had been advised by the agent of his liability for the collection and payment of the tax. This affidavit presented a clear issue of fact as to whether or not appellant had borne the economic burden of the tax, and one which could not be resolved by the court on motion for summary judgment. United States v. Walls, 5 Cir., 231 F.2d 440.

---

1. See United States v. Walls, 5 Cir., 231 F. 2d 440; United States v. Knowles, 5 Cir., 235 F.2d 177; United States v. Walker, 5 Cir., 234 F.2d 910; Davis v. United States, 5 Cir., 235 F.2d 174.

The court below, however, did not act on the motion for summary judgment, but rather dismissed the complaint with prejudice on the ground that appellant was "estopped for maintaining this further suit for the recovery of such transportation taxes" inasmuch as he "failed to include transportation taxes sought to be recovered herein in his earlier and similar suit in this Court * * * although he might well and should have done so * * *." It appears from the language used that the district court sought to apply the doctrine of res judicata (or collateral estoppel), designed to prevent a multiplicity of actions, to the case at hand. Speaking with reference to federal income taxes which are levied on an annual basis, the Supreme Court pointed out in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598–600, 68 S.Ct. 715, 92 L.Ed. 898, that each year was the origin of a new liability and of a separate cause of action; that a judgment on the merits as to a particular tax year was res judicata as to any subsequent proceeding involving the same claim and the same tax year; but that where two cases involved income taxes in different taxable years, collateral estoppel "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged."

The instant case involves excise taxes which are assessed and required to be paid on a monthly basis, section 3469 (d), supra. Each month, then, is the origin of a new liability and of a separate cause of action. Applying the principles enunciated in Commissioner of Internal Revenue v. Sunnen, supra, it is clear that the doctrine of res judicata does not apply since the instant suit does not involve the same claim and the same taxable periods as were involved in the prior action. Smith v. United States, supra. Nor do the principles of collateral estoppel apply since it has not been established that the "controlling facts" remain unchanged. Rather, as pointed out above, those facts are here in controversy and can only be resolved by the district court after a hearing on the merits.

Under the circumstances, it is clear that the district court did not err in failing to enter judgment for the appellant. It is also clear that appellant is not entitled to have judgment rendered in his favor by this Court, as he apparently seeks. On the other hand, since the taxes assessed and paid for each month gave rise to a distinct and separate claim, we believe that the district court erred in dismissing the complaint herein on the grounds stated by it. The Government frankly concedes that this is so. Accordingly, the case should be remanded to the district court for resolution of the factual question as to whether or not appellant bore the economic burden of the tax involved.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.