Mary Alma **KNOWLES**, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

No. 482.

United States District Court
N. D. Florida,
Tallahassee Division.

Sept. 19, 1957.

See also D.C., 144 F.Supp. 440.

David W. Palmer, Destin, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This case came on for trial before the Court on May 31, 1955, without a jury, and at the conclusion of the hearing at

that time, the Court entered a judgment in favor of plaintiff in the sum of $4,981.67 principal, with lawful interest thereon. The judgment of this Court was reversed by the Court of Appeals in United States v. Knowles, 5 Cir., 235 F.2d 177, and the case was remanded to this Court for retrial.

On the first trial the Court held that the statute of limitations was tolled, for reasons stated below, following the decision of this Court in Smith v. United States, D.C., 110 F.Supp. 892. The Smith case was selected as the test case involving the question of the right of the Government to collect these taxes. Counsel for all claimants became greatly concerned with reference to the running of the statute of limitations while the Smith case was being processed through this Court, and to protect all other claimants, he filed a class action in their behalf in the name of Gibson v. United States, D.C., 137 F.Supp. 296. This class action was pending when the decision of this Court became final in the Smith case.

Counsel for the defendant had filed a motion to dismiss the Gibson case and upon argument of said motion shortly after the decision of this Court in the Smith case, the Court announced that it would make no ruling on the motion to dismiss until the parties had processed the remaining claims through the Bureau of Internal Revenue, and announced at the same time that the pending of the Gibson class suit would toll the statute as to the claimants named in that suit until the motion to dismiss the Gibson class action was finally disposed of. As soon as all the cases had been processed through the Bureau of Internal Revenue, the Court called up for further hearing the motion to dismiss the Gibson case and granted same, at which time counsel for all remaining claimants was notified that the statute would again begin to run against their claims.

This was a practical procedure adopted for handling all these cases and resulted in the great majority of the cases being settled and taxes refunded. The cases in which settlement was not negotiated and suits had to be brought have caused this Court no end of trouble in its effort to reach right decisions. See cases cited by the Court of Appeals in its decision in this case, 5 Cir., 235 F.2d 177.

The Court of Appeals, without referring to the holding of this Court as to the statute of limitations, held that the statute had barred $1,160.48 of plaintiff's claim and referred back to this Court the question as to whether the balance, $3,821.19, should be rejected on the ground that plaintiff had collected from her customers an amount of money to cover the tax in addition to her regular transportation charges.

■ The record is clear that plaintiff did not raise her rates when the tax went into effect in 1946, while she was operating out of Panama City, Florida. This operation continued until late in 1948 and the entire amount of $1,160.48 was imposed as the tax upon plaintiff by reason of her operations at Panama City. So, except for the bar of the statute of limitations, there is no question but that plaintiff would be entitled to recover this sum from defendant. Pursuant to the decision of the Court of Appeals, however, this Court now holds said sum barred by the statute of limitations.

■ As to the remaining amount ($3,821.19), the evidence shows that plaintiff transferred her operations from Panama City to John's Pass near St. Petersburg, Florida, late in 1948 or early in 1949. When she moved to that area, the Internal Revenue Department was imposing no tax upon fishing boat operators there. However, on March 30, 1950, the Collector of Internal Revenue filed notices with all boat operators at John's Pass that beginning April 1, 1950, the tax would be imposed upon them. The boat operators at that point promptly raised their charges from $3 to $3.38 to cover the tax. At the former trial the parties and the Court were confused as to when the increased rates became effective (see Page 58 of transcript on appeal), but at this trial the evidence clearly shows the increased rates

**680**

became effective at the time the tax was imposed.

At the recent trial plaintiff offered evidence to the effect that her rates were not increased for the purpose of passing on to her customers the tax imposed upon her by the Internal Revenue Department. Testimony of the witness introduced by her on the point is that plaintiff was forced by the other boat operators to increase her rates to conform with theirs with the threat that unless she did so, they would put her out of business. This, of course, is no defense in the case for the fact is that her rate per passenger was increased sufficiently to cover the tax imposed upon her by the Internal Revenue Department after receipt of notice the tax would be imposed.

In view of the fact that plaintiff raised her rates to meet the tax immediately upon same being imposed at John's Pass, she is entitled to recover nothing from the defendant by her suit (Davis v. United States, 5 Cir., 235 F.2d 174).

Final judgment will be entered in conformity with this Memorandum-Decision.