Jack SMITH, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 480.

United States District Court N. D. Florida, Tallahassee Division.

Sept. 19, 1957.

the three months subsequent to the months involved in the earlier suit.

The pleadings of the parties raise a factual issue as to whether or not the taxes were collected by plaintiff from his customers or whether same were paid out of his own pocket. That question was not reached by the Court in its earlier disposition of this case, but was reached at the trial of the first case and again at the trial last week. It is clear from the evidence before the Court in this case, as in the former case, that the plaintiff never increased his rates for fishing because of the tax, and that every dollar of tax paid by him was paid out of his own funds. It, therefore, follows that plaintiff is entitled to recover the $243.24 claimed in this suit.

Final judgment will be entered in conformity with this Memorandum-Decision.

David W. Palmer, Destin, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

Plaintiff in this case was the plaintiff in Smith v. United States, D.C., 110 F.Supp. 892, and the amount of taxes sued for in this case was due and owing at the time the earlier suit was filed.

The Court held that under the provisions of Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. (designed to prevent a multiplicity of actions), failure to include these taxes in the former suit constituted collateral estoppel and the Court for that reason dismissed the case.

The Court of Appeals, 5 Cir., 242 F.2d 486, reversed and in so doing, held that in a suit of this nature a plaintiff has the right to sue separately for each month where the taxes accrue and are paid on a monthly basis. The Court of Appeals, therefore, sustains the plaintiff's right to sue for the taxes paid for