**Reddin BRUNSON, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 537.**

United States District Court
N. D. Florida,
Tallahassee Division.

Sept. 19, 1957.

David W. Palmer, Destin, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This is another of the long line of cases before this Court in which the plaintiff sues for refunds of the transportation taxes illegally collected from him as an operator of for-hire fishing boats. In this case plaintiff seeks to recover a total of $590.16 for the months from June, 1950, to and including October, 1951.

Defendant claims that the first payment made on account of this tax in the sum of $57.40 is barred by the statute of limitations. 26 U.S.C.A. (I.R.C.1939) § 3313. United States v. Knowles, 5 Cir., 235 F.2d 177. At the trial plaintiff conceded that the defense was well taken.

As to the balance sued for ($532.16), this case presents a question that has not been before the Court in any other of these cases. As stated above, the suit is to recover taxes paid for operations from sometime in June, 1950, through October, 1951.

When plaintiff first engaged in the operation of for-hire fishing boats in June, 1950, the tax then being imposed had been in effect for approximately four years in the area where plaintiff operated, and plaintiff's competitors operating out of Destin, Florida, had already increased their rates from $5 to $5.35 per person, the 35¢ increase being to take care of the tax imposed upon them. Plaintiff made inquiry as to the reason for the $5.35 rate and was advised by his competitors that the 35¢ had been added to take care of the tax the Government was then imposing upon fishing boat operators. Plaintiff thereupon established $5.35 as his regular charge per person for those using his fishing boats. This rate was subsequently increased to $5.50 per person and plaintiff went along with the others in this increase.

Thus, it appears that in this case the first rate established by plaintiff was $5.35 per person; and, from the testimony in the case, it is made perfectly clear that the odd cents were added to take care of the tax. This being true, under the principal announced by the Court at the beginning of the trial of these cases and followed throughout, plaintiff is not entitled to recover any taxes paid by him for his fishing boat operations.

Final judgment will be entered herein in accordance with this Memorandum-Decision.