**Mary Alma KNOWLES, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 482.**

United States District Court
N. D. Florida,
Tallahassee Division.

Dec. 20, 1957.

 

David W. Palmer, Destin, Fla., for plaintiff.

Harrold Carswell, U. S. Atty., and Wilfred C. Varn, Asst. U. S. Atty., Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This cause came on for hearing on plaintiff's motion for a new trial and supplemental motion for additional findings of fact and conclusions of law and for the entry of judgment for plaintiff in the case. By its memorandum-decision filed herein on September 19, 1957, 155 F.Supp. 678, this Court found and held that plaintiff was entitled to recover nothing from defendant by her suit and on the same date entered final judgment in defendant's favor in the case. For the reasons stated in the memorandum-decision filed herein, the motion for a new trial will be denied and the supplemental motion for additional findings of fact and conclusions of law and for the entry of judgment for plaintiff will likewise be denied for the same reasons.

At the hearing counsel for plaintiff requested that in ruling upon said motions, this Court incorporate in its order the information called for by House Resolution 323 so as to relieve plaintiff from the necessity of going to the United States Court of Claims with the case. The Court has carefully reviewed its memorandum-decision entered herein on September 19, 1957, in connection with this request and finds that said memorandum-decision sets out fully the information requested by House Resolution 323, which makes unnecessary any further resume of the matter to be used in any report to the House of Representatives concerning the case, with the exception that the Court points out here that in its decision reversing this Court, 235 F.2d 177, the Court of Appeals, Fifth Circuit, made no reference whatever to the holding of this Court that the statute of limitations was tolled following this Court's decision in Smith v. United States, 110 F.Supp. 892, until this Court finally dismissed Gibson v. United States, Pensacola Civil Action No. 530. This issue was, however, before the Court of Appeals when it handed down its decision in this case and this Court is bound by that decision, despite the failure of the Court of Appeals to make any reference to the validity of the acts of this Court in its effort to toll the statute of limitations in the remaining cases involving the same issues as were involved in Smith v. United States until the Collector of Internal Revenue had an opportunity to review all claims for refunds arising out of the illegal imposition of transportation taxes upon pleasure fishing boats.

In consideration of all the foregoing, the motion for a new trial and the supplemental motion for additional findings of fact and conclusions of law and for the entry of judgment for plaintiff are denied.