Mary Alma KNOWLES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17159.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1958.

Rehearing Denied Nov. 26, 1958.

David W. Palmer, Destin, Fla., Walter G. Cornett, Earl R. Duncan, William B. Leath, Panama City, Fla., for appellant.

S. Dee Hanson, Atty., Dept. of Justice, Washington, D. C., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., Lee A. Jackson, Chief, Appellate Section, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., A. F. Prescott, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in which the District Court held that a claim for refund of transportation taxes in the amount of $3,831.19 paid by the appellant between June 1, 1950, and November 1, 1951, could not prevail because appellant failed to show that she bore the burden of the taxes in dispute within the meaning of Section 3471 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3471. The opinions of the District Court are reported as Knowles v. United States, N.D.Fla.1957, 155 F. Supp. 678, and 157 F.Supp. 678.

The final judgment upon which this appeal is prosecuted was entered by the District Court on September 19, 1957. The appellant filed motions for a new trial and for additional findings of fact and conclusions of law which were denied by the District Court and entered by it on December 20, 1957. The appellant did not file her notice of appeal until February 19, 1958, which was one

854

day late under Rule 73(a), Fed.Rules Civ.Proc. 28 U.S.C.

 Timely filing of the notice of appeal is essential to the jurisdiction of this Court. Lejeune v. Midwestern Ins. Co. of Oklahoma City, Okl., 5 Cir., 1952, 197 F.2d 149. We have carefully considered each of the excuses presented by the appellant and her asserted grounds for preserving this Court's jurisdiction but do not consider that any of them are substantial enough to warrant discussion.

The main appeal from the final judgment entered on December 20, 1957, is therefore dismissed.

 By her notice of appeal, the plaintiff sought to appeal also from a judgment of January 28, 1958, denying a motion to vacate an order directing the clerk to tax as costs against Mary Alma Knowles the Fees of the Court Reporter in the amount of $15.00 and the cost of printing the transcript of record in the amount of $397.00 incurred upon the prior appeal in this case reported in 5 Cir., 235 F.2d 177. The notice of appeal from that judgment is timely.

The mandate of this Court did not direct the taxation of those items of costs against the appellant. Rule 31 of this Court, 28 U.S.C. provides in part that in cases where the United States is a party no costs shall be allowed in this Court for or against the United States. The judgment or order taxing $412.00 costs against Mary Alma Knowles is therefore vacated.

On Petition for Rehearing.

 The record shows that "on February 19, 1958", plaintiff filed motion for extension of time as follows: * * *" (Emphasis supplied.), and that the District Court entered an order extending "the time for docketing the appeal" to March 18, 1958, and dated that order "this 18th day of February, 1958." (Emphasis supplied.) February 18th was the last day for the taking of the appeal by filing with the District Court a notice of appeal. The District Court had "* * * jurisdiction to extend the time for appeal only if a basis for that jurisdiction is found within the express provisions of Rule 73(a), viz., a showing of 'excusable neglect based on a failure' of a party to learn of the entry of the judgment." Howard v. Local 74, etc., 1953 7 Cir., 208 F.2d 930, 932. See also, 28 U.S.C.A. § 2107; 7 Moore's Federal Practice, 2d ed., Paragraph 73.09 (3), pp. 3138-41. The plaintiff did not allege or show, and does not claim, any "excusable neglect based on a failure * * * to learn of the entry of the judgment," Rule 73(a), F.R.Civ.P., 28 U.S.C.A.

The petition for rehearing is therefore Denied.