Let an appropriate order in conformity herewith be submitted.

**Lytton Paul JOHNSON, Trading and Doing Business as Johnson's Crescent City Tours, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6838.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 14, 1960.

David W. Palmer, Destin, Fla., for plaintiff.

Bernard J. Schoenberg, Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendant.

J. SKELLY WRIGHT, District Judge.

This is a suit for refund of transportation taxes [1] paid by a sightseeing tour operator for the years 1950 through 1954. Plaintiff contends that since his limousines carried less than ten passengers and allegedly did not operate on an "established line" [2] he is exempted from the tax. But at the threshold of the case is the question whether plaintiff has standing to sue. In principle, the tax is due by the passenger and the carrier merely acts as the Government's agent in collecting it. Under the Revenue Code, the claim can be asserted by the carrier only if he has made a refund of the tax to the passenger or has obtained the latter's

---

1. 26 U.S.C., 1952 ed., § 3469.

2. Section 3469 of the 1939 Code provided in part: "Such tax shall apply to transportation by motor vehicles having a passenger seating capacity of less than ten adult passengers, including the driver, only when such vehicle is operated on an established line."

consent to act for him.[3] Plaintiff here makes neither allegation. He asserts that he bore the economic burden of the tax in that it was paid out of his own pocket and never collected from his customers.[4] Thus, the preliminary issue is simply whether the tax was "passed on" to the passengers.

The evidence on this point is very strongly against the taxpayer. It was shown:

1. That some time in 1950 the Internal Revenue Service advised defendant that his operations were subject to the tax and that thereafter the price of his tours was increased by the exact amount of the tax;

2. That the basic ticket price was a round sum in dollars, to which was added the amount of the tax in odd cents;

3. That while the basic price of the tour did not vary during the period in question, the total price changed in accordance with the change in the tax rate;

4. That the tour tickets themselves reflected the tax, the basic charge and the tax being indicated separately;

5. That, on occasion, the customers were expressly advised of the amount of the tax included in the total tour fare.

 While there were the usual minor discrepancies, five former employees of the plaintiff who acted as guides for him substantially so testified. Additionally, there was the testimony of plaintiff's ex-wife and partner who categorically stated that the tax was collected and that the fares were increased to cover it. The plaintiff himself admitted that he raised his prices when compelled to pay the tax. Against this overwhelming evidence the taxpayer's lone assertion that he paid the tax out of his own pocket cannot prevail, especially since, as plaintiff, he bore the burden of proof.

The conclusion is plain that plaintiff failed to establish standing to sue for the refund. Accordingly, his suit must be dismissed.

Judgment accordingly.

---

3. 26 U.S.C., 1952 ed., § 3471(a).

4. See Davis v. United States, 5 Cir., 235 F.2d 174; United States v. Walker, 5 Cir., 234 F.2d 910; United States v. Walls, 5 Cir., 231 F.2d 440; Royce v. Squire, 9 Cir., 168 F.2d 250.