Thomas J. McGOWAN, Trading and d/b/a Abeona Sightseeing Boats, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 10356–M.

United States District Court
S. D. Florida,
Miami Division.

April 11, 1961.

David W. Palmer, Destin, Fla., for plaintiff.

E. Coleman Madsen, U. S. Atty., Miami, Fla., for defendant.

SWEENEY, District Judge.

The plaintiff, who is engaged in the sightseeing business at Fort Lauderdale, Florida, brings this suit under 28 U.S.C. § 1346 for refund of taxes paid pursuant to section 4261 of the Internal Revenue Code of 1954, 26 U.S.C.

The case was tried to the Court and at the close of the evidence the government moved for a judgment in its favor on the ground that the plaintiff has no standing to sue.

Section 4261 imposes a tax upon the amount paid for the transportation of persons by rail, motor vehicle, water or air and subsection (d) provides that this tax "shall be paid by the person making the payment subject to the tax".

Although the plaintiff raises many issues of constitutional and legislative interpretation, the first question to be determined is that raised by the defendant's motion for judgment. Under Section 6415 of the 1954 Code a claim for refund can be asserted by a carrier only if he establishes "that he has repaid the amount of such tax to the person from whom he collected it, or obtains the consent of such person to the allowance of such credit or refund". Admittedly neither of these conditions has been met, but the plaintiff argues that he never included the tax in the price of fares for his sightseeing tours, but rather treated it as any other item of expense and that since he has sustained the economic burden of the tax, he has standing to sue for the refund.

The plaintiff's argument finds considerable support in a line of cases in this Circuit dealing with the same transportation tax on fishing boat charters. United States v. Walker, 5 Cir., 1956, 234 F.2d 910, Davis v. United States, 5 Cir., 1956, 235 F.2d 174, Smith v. United States, 5 Cir., 1957, 242 F.2d 486. While I do not believe the economic burden test is applicable to this case*, I find that, in any event, the evidence does not bear out the plaintiff's contentions.

The evidence showed that the plaintiff's predecessor in this business charged a price of $2 for the sightseeing tour and that on the tickets this sum was broken down into the amount of the fare and the amount of the tax. When the plaintiff bought the business he discarded these tickets and printed new ones which eliminated the itemization; but the price remained the same. Since the $2 fare charged by plaintiff's predecessor included the tax, it is reasonable to assume that the same fare charged by the plaintiff likewise included the tax. Vogel v. Knox, D.C.Minn.1957, 147 F.Supp. 10.

Furthermore, the plaintiff computed the tax by taking $\frac{1}{11}$ of the total paid for transportation. By mathematical necessity, therefore, the 10% tax must have been included in the amount charged passengers. The fact that this computation was made at the direction of Internal Revenue agents is immaterial to the sole issue before me—whether the plaintiff or his passengers paid the tax.

I therefore find on all the evidence that the plaintiff has failed to show that he has standing to sue for this refund.

The plaintiff has also filed a motion for leave to amend the complaint and for a restraining order enjoining further collection of the tax by the District Director. The motion is denied. Under

* Section 4261 specifies that the transportation tax is to be paid by the "person making the payment subject to the tax", namely, the passenger. Under this section, therefore, the carrier is merely a collection agent, Johnson d/b/a Johnson's Crescent City Tours v. United States, D.C.E.D.La., 187 F.Supp. 224, and there is no authority for him to assume the economic burden of the tax. In this respect the transportation tax differs from, for example, the excise taxes on certain goods imposed by chapters 31 and 32 of the Code, which may be absorbed by the seller or passed on to the buyer. This difference is then reflected in Sections 6415 and 6416, the refund provisions. While Section 6416, which governs credits of chapter 31 and 32 taxes specifically includes the economic burden test, 6416(a) (1), the conditions precedent to the allowance of a refund in Section 6415 are limited as noted in the body of this opinion above.

Section 7421(a) of the Code the Court has no jurisdiction to issue the requested order. The plaintiff has not shown an illegal tax nor exceptional or extraordinary circumstances, Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and he has an adequate remedy at law.

The motion to amend the complaint is denied.

Judgment may be entered for the defendant.