**Thomas J. McGOWAN, Trading and Doing Business as Aboena Sightseeing Boats, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 10356–M.**

United States District Court
S. D. Florida,
Miami Division.

June 22, 1962.

David W. Palmer, Panama City, Fla., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., and Edward S. Smith, Myron C. Baum, and John B. Clark, Jr., Department of Justice, for the Government.

DYER, Chief Judge.

This is a suit for tax refund for certain payments of transportation tax brought by the proprietor of a sightseeing tour. Involved are two payments in 1957 and four in 1958, amounting, with certain penalties and interest, to a total claim of $1,465.80. This Court has jurisdiction of the parties and subject matter under 28 U.S.C. § 1346(a) (1). It is claimed by the Government that the tax was due under 26 U.S.C. § 4261. Plaintiff denies that the act applies at all to his business, but especially objects to its application to those items, other than transportation, which are involved in the all expense tour. Plaintiff's suit was dismissed upon a former trial for lack of standing to sue under 26 U.S.C. § 6415; that judgment was reversed upon appeal. (McGowan v. United States, 5 Cir., 296 F.2d 252, 1961)

The cause came on for final hearing on submission by the parties upon the file and record made in the former trial. Essentially the points left open by the opinion of the Appellate Court are: the Plaintiff's standing to sue, dependent upon his having borne the economic burden; and the further questions of the coverage of 26 U.S.C. § 4261 and the effect of various Internal Revenue regulations thereunder.

In so far as is necessary to its determination the Court finds the following facts from the evidence before it: Plaintiff and his wife purchased the sightseeing business from one McConnell in the Spring of 1957. The tour by boat through the canals of Fort Lauderdale stops at a Seminole Indian village to watch alligator wrestling. When Plaintiff purchased the business from McConnell in 1957 he continued to charge $2.00 for adults and $1.00 for children, as had his predecessor, without any regard specifically to the Federal Transportation Tax of which no notation appeared on the ticket. His accountant, in figuring his tax return, simply took 1/11 of the total receipts as the tax payable. Plaintiff employed a lecturer to accompany the trips.

If it is determined that Plaintiff has not borne the economic burden— it is admitted that he did not make the refund or obtain consents required by 26 U.S.C. § 6415—that ends the suit, since Plaintiff would then have no standing to sue and the Court would not reach the merits. (United States v. Knowles, 5 Cir., 235 F.2d 177, 1956; Davis v. United States, 5 Cir., 235 F.2d 174, 1956; United States v. Walker, 5 Cir., 234 F.2d 910, 1956; United States v. Walls, 5 Cir., 231 F.2d 440, 1956). The burden of proof is upon Plaintiff. Neither Plaintiff nor Defendant has seen fit to introduce any evidence other than what was before the former trial court and the Court of Appeals, but each is content to rely upon that record. This Court is faced with a cold record which shows that three of Plaintiff's witnesses, McConnell, Betty McGowan and Thomas J. McGowan, the last two of whom are interested parties,

testified on oral examination that the tax was not collected from the customers but was borne by the proprietor of the business. Against this there is a prior contradictory statement in writing by McConnell (Defendant's Ex. A) given to Internal Revenue agent Gunther in January, 1961, which McConnell admitted upon cross-examination he had signed. On Defendant's case agent Gunther testified about oral statements made by Plaintiff and his wife which would tend to contradict their testimony on this point. The only other significant fact concerning the economic burden is the manner in which the tax was computed by Plaintiff's accountant. Instead of applying the 10% tax to the gross receipts as would have been proper had the tax not been collected as claimed, the accountant applied a $\frac{1}{11}$ factor to the receipts, proper only if the tax had been collected as part of the price of the tickets. This fact standing alone is probably of little consequence inasmuch as Plaintiff was new in the business, left the tax computations up to his accountant and there is some indication that the $\frac{1}{11}$ factor was adopted according to generally accepted I.R.S. procedures. Without being able to see and hear the witnesses the question of credibility becomes a difficult one. However, even from the cold record it does seem apparent to me that the statement signed by McConnell was a very general one, secured several years after he had sold the business, for use at the trial, at a time when McConnell's attention was not directed to the particular point which has now become so important. In any event the statement is ambiguous at best. Likewise, in regard to the oral contradictory statements of Plaintiff and his wife allegedly made to agent Gunther, so much depends upon the latter's correct recollection of the exact wording in a situation in which he is not exactly disinterested any more than are the Plaintiffs, that the evidence lacks probative force. It seems reasonably clear that Plaintiff charged a flat rate of $2.00 regardless of tax and would have done so even if no tax were to be paid. While recognizing that Plaintiff's evidence just barely preponderates, the Court finds that Plaintiff did bear the economic burden of the tax.

■■ Proceeding then to a consideration of the merits, the Court is of the opinion that the statute, 26 U.S.C. § 4261 covers all types of transportation, including that incidental to sight-seeing. While recognizing that only so much of the fare as is directly attributable to transportation should be taxed, where taxpayer charges a lump sum for transportation and other service, the burden is upon the taxpayer in a refund suit to show by adequately kept records just how much is attributable to transportation and how much to the other services. Puig v. Tomlinson, D.C., 143 F.Supp. 659. This Plaintiff has not borne such burden and has completely failed to segregate transportation charges from other charges—the Florida common motor carrier tariff is obviously not applicable in a situation such as this. Upon such a record Plaintiff would be entitled to no refund except for the policy embodied in Rev. Ruling 58–60 allowing a 25% reduction for a lecturer, (1958–1 Internal Rev.Cum.Bull. 436).

■ There is one aspect of this case to be noted. In view of the Court's finding that Plaintiff bore the economic burden, his computation of the tax was erroneous and should have been computed at the 10% figure. Plaintiff cannot have it both ways. If he is to prevail because he has not collected the tax then he owed 10% of his gross transportation receipts less a deduction of 25% thereof for the charge attributable to the use of a lecturer. Any payment in excess thereof should be refunded.

Parties will submit a judgment in accordance with this opinion which is being filed in lieu of the Findings of Fact and Conclusions of Law required by Federal Rule of Civil Procedure #52.