**I. H. SPEARS, Appellant,**

v.

**HUMBLE OIL & REFINING COMPANY,**
Appellee.

No. 17339.

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1958.

Rehearing Denied Dec. 16, 1958.

I. H. Spears, in pro. per.

John K. Meyer, Houston, Tex., W. Nelson Jones, Dillard W. Baker, Houston, Tex., of counsel, Naman, Howell & Smith, Waco, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The unsuccessful plaintiff appeals from a final judgment of dismissal. The record shows without contradiction that the final judgment was entered on March 17, 1958. The plaintiff, who is both client and counsel, makes record acknowledgment that notice of this was received by March 24, 1958. The time for appeal expired thirty days after March 17. Fed.Rules Civ.Proc. rule 73(a), 28 U.S.C.A. The Notice of Appeal was not filed until April 22, 1958, or 35 days after the entry of final judgment. The appeal is not timely. That destroys our jurisdiction. Lejeune v. Midwestern Insurance Company of Oklahoma City, 5 Cir., 1952, 197 F.2d 149; Knowles v. United States, 5 Cir., 1958, 260 F.2d 852. Neither the application for leave to appeal in forma pauperis filed simultaneously on April 22 with the tardy Notice of Appeal and its allowance by the District Court,

nor the fact that this imposed costs for the preparation of the record on the United States Government, has the effect of legally excusing the delay or converting it into a Government case with a 60-day time limit under F.R.C.P. 73(a).

Appeal dismissed.