**William YOUNG, Appellant,**

v.

**The CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, and United States of America, Appellees.**

**No. 18397.**

United States Court of Appeals
Eighth Circuit.

Dec. 12, 1966.

Peter J. Lindberg, Minneapolis Minn., for appellant; Joseph Robbie, Minneapolis, Minn., on the brief.

Stuart W. Rider, Jr., of Rider, Bennett, Egan & Johnson, Minneapolis, Minn., for appellee; Rodney M. Hynes, Minneapolis, Minn., on the brief.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

NICHOL, District Judge.

This is an action pursuant to 45 U.S. C.A. Sec. 153 to enforce an award of the National Railroad Adjustment Board dated April 26, 1963, which ordered William Young (hereinafter called plaintiff) restored to service as an employee of The Chicago, Milwaukee, St. Paul and Pacific Railroad Company (hereinafter called defendant), with seniority and all other rights, and which further ordered payment for all time lost from July 29, 1960, less any amount earned in any other employment. The United States District Court for the District of Minnesota, Fourth Division, Gunnar H. Nordbye, J., sitting without a jury, found that plaintiff had voluntarily resigned from defendant's services as of September 4, 1962; that by reason of his voluntary resignation he could not be reinstated as an employee of defendant, and that plaintiff was entitled to payment for all lost time from July 29, 1960, up to the date when his retirement pay began under his resignation of September 4, 1962. Judgment was entered on November 29, 1965.

On December 22, 1965, the United States filed a notice of motion and motion to intervene for the purpose of allowing the Retirement Board to assert claims for reimbursement for unemployment benefits.

On January 3, 1966, the Clerk's office of the United States District Court for the District of Minnesota received a letter dated December 28, 1965, in an envelope postmarked December 30, 1965, containing a notice of appeal sent by plaintiff's counsel. On the same day, the Clerk's office returned the notice of appeal to plaintiff's counsel as untimely.

Subsequently, on January 10, 1966, an order was filed allowing the United States to intervene as a party plaintiff. On January 26, 1966, plaintiff filed a notice of motion, motion, and supporting affidavit requesting an extension of time to perfect his appeal of the judgment entered on November 29, 1965. Plaintiff then filed a second notice of appeal on January 28, 1966. Plaintiff's motion for an extension of time to file a notice of appeal was denied on March 18, 1966.

On appeal, plaintiff presents two questions. The first question is whether under Rule 73(a), Federal Rules of Civil Procedure, the notice of appeal was timely filed by counsel for plaintiff. The second question is whether the trial court erred in denying plaintiff's reinstatement with defendant railroad, and in failing to order full payment to plaintiff of all back pay from July 29, 1960, to the date of its order, November 29, 1965, instead of the date of resignation, September 4, 1962.

Rule 73(a), Federal Rules of Civil Procedure provides in part:

(a) When and How Taken. When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry, and except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed. * * *

■ The time requirement within which an appeal must be taken is mandatory and jurisdictional. St. Luke's Hospital v. Melin, 172 F.2d 532 (8 Cir. 1949); Marten v. Hess, 176 F.2d 834 (6 Cir. 1949); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 303 F.2d 609 (7 Cir. 1962). If the notice of appeal is filed after the time set out in the rule, no effective steps having been taken to suspend the running of the period, the notice is not timely and jurisdiction is destroyed. Cohen v. Curtis Publishing Co., 333 F.2d 974, 978 (8 Cir. 1964); Spears v. Humble Oil & Refining Co., 261 F.2d 231 (5 Cir. 1958).

Under Rule 73(a), the time for appeal is 30 days from the entry of judgment appealed from, unless a shorter time is provided by law, with the exception that where the United States is a party, the time for appeal is 60 days from such entry.

■ Plaintiff urges that the order granting intervention by the United States on January 10, 1966, to assert a claim for reimbursement of payments made by the Railroad Retirement Board extends plaintiff's time for appeal to 60 days. This contention is untenable.

In this instance, the United States was not a party to the action at the commencement of the suit, at the trial, or at the time the judgment appealed from was entered. The United States was not even a party during the 30 days after the entry of judgment.

■■ This case is essentially a dispute between private litigants. The United States has no interest in the merits of the case (either at the trial or appellate level). Its interest arose only after judgment and only with respect to the money awarded by the judgment. The United States intervened to recoup under 45 U.S.C. § 352(f), benefits paid to the plaintiff by the Railroad Retirement Board. Because the United States was not a party to the action, the 30 day limitation applies, and the time began to run from November 29, 1965, the time of entry of judgment. The notice of appeal was not filed until after December 29, 1965, the expiration date under the 30 day limitation of Rule 73(a). Upon the expiration of the time to appeal, jurisdiction of this court is destroyed. St. Luke's Hospital, supra; Cohen v. Curtis Publishing Co., supra. The granting of intervention after the expired 30 day period by the United States cannot create jurisdiction where no jurisdiction exists. Fuller v. Volk, 351 F.2d 323, 328 (3 Cir. 1965).

■■ Here, the right to appeal had been extinguished before the United States intervened, and such subsequent intervention cannot be used to renew that lost right. The notice of appeal not being timely, this court has no jurisdiction to hear it. "[I]t is essential for this Court to stay within the limits of its statutory jurisdiction and to refrain from deciding cases and questions which it has no authority to decide." Brown v. Thompson, 150 F.2d 171, 173 (8 Cir. 1945); St. Luke's Hospital v. Melin, 172 F.2d supra at 533.

By reason of our finding on the first question, the second question is not reached.

Dismissed.