Kenneth H. WINCHELL, Appellant,

v.

David LORTSCHER, Appellee.

No. 18603.

United States Court of Appeals
Eighth Circuit.

May 22, 1967.

Martin A. Cannon, Omaha, Neb., for appellant.

John J. Higgins, Jr., Omaha, Neb., for appellee.

Before VOGEL, Chief Judge, and GIBSON and HEANEY, Circuit Judges.

VOGEL, Chief Judge.

Plaintiff-appellant, Kenneth H. Winchell, commenced this action in Federal District Court on December 10, 1963, claiming a breach by defendant-appellee, David Lortscher, of a grain storage contract. On December 20, 1963, defendant-appellee moved to dismiss on several grounds, one of them being that the same issues had previously been litigated between the same parties in the District Court of Pawnee County, Nebraska, and that judgment therein entered in favor of appellee Lortscher is res judicata in the instant action. Motion to dismiss was overruled on May 12, 1964. Appellee Lortscher thereupon filed an answer to the complaint in which he again alleged that by reason of the previous adjudication, the issues therein raised were res judicata. Upon that ground he then subsequently moved for a summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

On March 14, 1966, defendant-appellee's motion for summary judgment was granted by the District Court, which found that the doctrine of res judicata applied in that the issues raised had been previously tried by the District Court of Pawnee County, Nebraska.

On March 23, 1966, plaintiff-appellant moved the District Court for a new trial on the grounds that the order granting summary judgment was not sustained by the evidence and was contrary to law.

On July 26, 1966, the District Court overruled the motion for a new trial.

On August 2, 1966, appellant's attorney received notice of the entry of this final appealable order.

██ On September 26, 1966, plaintiff-appellant moved the District Court for an extension of time for appeal. Such motion was based on plaintiff-appellant's affidavit and testimony to the effect that while his counsel learned of the entry of judgment on August 2, 1966, he, the plaintiff-appellant, did not receive notice until September 25, 1966, "since the plaintiff was continuously traveling throughout this country and abroad during the period in question". The motion was resisted by the defendant-appellee. The District Court, while finding " * * the testimony of the plaintiff far from *satisfactory* and *lacking in credibility*", nevertheless determined that plaintiff's delay in taking his appeal was the result of excusable neglect, granted the motion and extended the time of appeal to the day of the hearing, September 26, 1966, which was the sixtieth day following the overruling of plaintiff-appellant's motion for new trial.[1] On the same day plaintiff-appellant filed notice of appeal. Defendant-appellee cross-appealed, claiming that the District Court erred in extending the time for filing a notice of appeal. Because we find the notice of appeal herein was not timely and the District Court erred in granting the motion for extension of time to appeal, we do not reach the questions raised in the main case.

A detailed recital of the procedural steps followed in this case is deemed necessary because the critical question presented herein is whether a timely appeal was made to this court within the meaning of Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Appeal to the Court of Appeals is governed by Rule 73 (a), as amended February 28, 1966, effective July 1, 1966, which provides in pertinent part as follows:

"*How and When Taken.* An appeal permitted by law from a district court to a court of appeals shall be taken by filing a notice of appeal with the district court within 30 days from the

entry of the judgment appealed from, except that: (1) in any action in which the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days from such entry; (2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed; * * *. The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and *the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * denying a motion for a new trial under Rule 59.*

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. * * * " (Emphasis supplied.)

 As can be seen from the above-recited facts, the District Court denied the motion for a new trial on July 26, 1966, and it was upon this date that the time for appeal began to run. On September 26, 1966, 60 days after the denial of the motion for a new trial, appellant moved in the District Court for an extension of time within which to appeal and following a hearing in which the motion was resisted by counsel for appellee, such motion was granted. On the same day appellant then filed notice of appeal. The clear dictate of Rule 73(a) is that for a notice of appeal to be timely it must be filed within 30 days following the final disposition of the case unless there is a showing of *excusable neglect* within the meaning of the rule, whereupon the

---

1. September 24, 1966, was a Saturday. Therefore, Monday, September 26, 1966, became the last day of the 60-day period.

See, Rule 6, Federal Rules of Civil Procedure, as amended, effective July 1, 1966.

time for appeal can be extended by the District Court for an additional 30 days.

■ It is well established that the time requirements set forth within Rule 73(a) within which an appeal must be taken are mandatory and jurisdictional. See, Young v. Chicago, Milwaukee, St. Paul and Pacific R. Co., 8 Cir., 1966, 369 F.2d 502, 504; Barta v. Oglala Sioux Tribe of Pine Ridge Reservation of South Dakota, 8 Cir., 1958, 259 F.2d 553, 555, certiorari denied, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304; St. Luke's Hospital v. Melin, 8 Cir., 1949, 172 F.2d 532, 533. If notice of appeal is not taken within the 30 days after the final entry of an appealable order provided for in Rule 73 (a), and no effective action is taken to perfect an appeal, then notice is not timely and jurisdiction is destroyed. See, Young v. Chicago, Milwaukee, St. Paul and Pacific R. Co., supra; Cohen v. Curtis Publishing Co., 8 Cir., 1964, 333 F.2d 974, 978, certiorari denied, 380 U.S. 921, 85 S.Ct. 923, 13 L.Ed.2d 808, rehearing denied, 380 U.S. 989, 85 S.Ct. 1351, 14 L.Ed.2d 283. If effective action is taken to protect the right of appeal under Rule 73(a), it is possible for the District Court to extend the time within which a notice of appeal may be filed an additional 30 days after the expiration of the original 30 days, making a total of 60 days after the final entry of an appealable order but in no event may there be an extension beyond the 60 days. See, Plant Economy, Inc. v. Mirror Insulation Co., 3 Cir., 1962, 308 F.2d 275, 278; Edwards v. Doctors Hospital, 2 Cir., 1957, 242 F.2d 888, 890–891, certiorari denied, 356 U.S. 930, 78 S.Ct. 770, 2 L.Ed.2d 761. A motion for extension of time to appeal may be made in the District Court either before or after the expiration of the original 30 days. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 1962, 371 U.S. 215, 216–217, 83 S.Ct. 283, 9 L.Ed.2d 261. But after the expiration of the original 30 days the District Court may not grant ex parte an extension of time for appeal but must give notice and opportunity to be heard to all adverse parties. Cohen v. Plateau Natural Gas Co., 10 Cir., 1962, 303 F.2d 273, 274, certiorari denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; North Umberland Mining Co. v. Standard Acc. Ins. Co., 9 Cir., 1952, 193 F.2d 951, 952. In the above-cited cases the Courts of Appeals found themselves unable to take jurisdiction either because the notice of appeal was filed beyond the absolute 60-day limitation or the extension of time within which to take an appeal was improperly granted by the trial court after the expiration of the original 30-day period in an ex parte proceeding. Neither of these situations is present in the instant case for the motion for an extension of time and the notice of appeal were filed on the sixtieth day after the entry of an appealable order and the motion for an extension of time was granted after an adversary hearing, although there may be some question here as to whether appellee personally received notice of this twelfth hour proceeding. Therefore this case, unlike those previously cited, squarely presents the problem of whether there was, as a matter of law, any grounds for granting an extension of time for an appeal beyond the original 30 days after the entry of the appealable order, as provided for in Rule 73(a). It is a fundamental necessity that the moving party show clearly the existence of a valid ground for an extension of time for appeal, because in the absence of such a showing, a simple compliance with the maximum 60-day time limitation and the hearing requirement at time of extension of appeal time is of no avail. Although the power to extend the time of appeal an additional 30 days from the expiration of the original 30 days rests solely in the District Court, the District Court may not exercise such power unless grounds for an extension of appeal time within the meaning of Rule 73(a) are first clearly established.

■■ Rule 73(a), as amended, now provides simply:

"* * * (2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceed-

ing 30 days from the expiration of the original time herein prescribed;

* * * "

thereby omitting the words "based upon a failure of a party to learn of the entry of judgment" which had previously been incorporated in the rule following the word "neglect". The notes of the Advisory Committee, in commenting upon the rule change, stated:

> "The original rule authorized the district court to extend the time for appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed 'upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment * * *.' The exception numbered (2) eliminates the phrase 'based upon a failure of a party to learn of the entry of the judgment' and thus empowers the district court to extend the time upon a showing of excusable neglect of any kind. In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result."

The word change was therefore not intended to fundamentally alter the scope of the rule. Judicially, it has long been recognized that in light of Rule 73(a) the only valid ground for extension of appeal time is a showing of excusable neglect based upon the failure of a party to learn of an entry of judgment. See, e. g., Knowles v. United States, 5 Cir., 1958, 260 F.2d 852, 854; Howard v. Local 74, Wood, Wire and Metal Lathers International, 7 Cir., 1953, 208 F.2d 930, 932; Felton v. Florida East Coast Ry. Co., D.C.S.D.N.Y.1948, 8 F.R.D. 232, 233. In light of the Advisory Committee's comments upon the Rule 73(a) changes and the interpretative judicial decisions, it is clear that it remains incumbent upon appellant to show that he comes precisely within the scope of Rule 73(a) which still requires a showing of excusable neglect based upon the failure of a *party* to timely learn of an entry of judgment before any extension of time to make an appeal beyond the original 30-day period is permitted.

The final appealable order in the instant case was entered July 26, 1966. Counsel for appellant learned of the entry of judgment August 2, 1966, and thereupon attempted to notify appellant at several different mailing addresses. According to the affidavit presented at the time of hearing for an extension of time, appellant did not *personally* receive notice until September 25, 1966, and it was upon the information contained in that affidavit that an extension of time was granted. It is uncontradicted that appellant's counsel, who was, during all stages of this action, counsel of record and in charge of all proceedings, had timely notification of the entry of judgment.

The finding of excusable neglect in the instant action was based upon the failure of a *party* to timely learn of the entry of judgment. The principal question presented herein is what, in fact, constitutes failure of a *party* to learn of the entry of judgment under Rule 73(a) and whether timely notification of counsel for a party is held to be timely notification within the meaning of Rule 73(a). *"Party"* is a legal term and a word of art which must be viewed in the context of the rule in which it appears as well as in the context of the other relevant Federal Rules of Civil Procedure. Further, the judicial authority which either explicitly or implicitly interprets the purport of "party" within the meaning of Rule 73(a) must be given due consideration.

Rule 73(a) does not stand in isolation but functions concurrently with all other Federal Rules of Civil Procedure. The two other rules that are directly applicable to the functioning of Rule 73(a) in the present context are Rule 77(d) and Rule 5(b). It is necessary to examine each of these in order to determine what

constitutes notice to a *party* within the meaning of Rule 73(a). Rule 77(d) provides:

"*Notice of Orders or Judgments.* Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the Clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)."

Rule 77(d) thus specifically provides for notice of entry of judgment in the manner prescribed by Rule 5(b). Rule 5(b) provides:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the *service shall be made upon the attorney* unless service upon the party himself is ordered by the court." (Emphasis supplied.)

An examination of these rules leads inevitably to the conclusion that when the rule speaks in terms of serving a party in order to guarantee that a party has timely notification of the proceedings, it is in fact requiring that the attorney who is representing the client be given timely notification of the state of the proceedings. It is directly contrary to Rule 5 for notice to issue to one other than the attorney of record when a party is represented, unless personal service upon the party is ordered by the court. See, generally, 2 Moore's Federal Practice, § 5.06, pp. 1351–1354. This is in accord with the fundamental legal relationship of attorney-client where the attorney acts for the client in all transactions arising out of the matter over which the

client has given him responsibility. The notes of the Advisory Committee, in commenting upon Rule 77(d), are a further aid in determining the intent and purposes of these federal rules:

"Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in rule 73(a), *the court may take into account,* as one of the factors affecting its decision, *whether the clerk failed to give notice as provided in rule 77(d) or the party failed to receive the clerk's notice.* It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. *It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment. Any party may, of course, serve timely notice of the entry of a judgment upon the adverse party and thus preclude a successful application, under rule 73(a), for the extension of the time for appeal.*" (Emphasis supplied.)

The inescapable conclusion that must be drawn when reading these notes and the rules to which they apply is that when the rules speak of giving notice to a party, they are expressing the accepted legal principle that notice to the attorney is notice to the party. See, Annotation, Extension of Time For Appeal, 9 L.Ed. 2d 1088, 1092–1093. It is the duty of the attorney to act for his client in all legal matters. When notice was received by appellant's attorney on August 2, 1966, there was timely notification to a *party* within the meaning of Rule 73(a) and it was therefore incumbent upon counsel

to take timely action within the original 30 days after the entry of an appealable order to preserve his right of appeal. This he failed to do.

Although the judicial authority on this point is not extensive, those courts which have faced this precise Rule 73(a) problem have held in accord with the above reasoning. In Howard v. Local 74, Wood, Wire and Metal Lathers International, 7 Cir., 1953, 208 F.2d 930, 933–934, the court stated:

> "* * * Rule 77(d) requires the clerk to serve notice of the entry of an order or judgment, by mail, on all parties not in default by failure to appear. A docket entry of July 20, 1953, by the clerk of court below, establishes the fact that notice of the judgment of that date was mailed to plaintiffs' counsel on July 21, which, under the provisions of Rule 5, is tantamount to service on the plaintiffs. * * * *Under Rule 5, notice to counsel is notice to all parties represented by him.* The failure of any interested party to receive actual notice is due solely to the neglect of plaintiffs and their counsel.
>
> "For the foregoing reasons we hold that no 'excusable neglect', within the exception provided in Rule 73(a), is shown and that the appeal should be dismissed for want of jurisdiction." (Emphasis supplied.)

Similarly, in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 7 Cir., 1962, 303 F.2d 609, vacated on other grounds, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261, the court at page 611 of 303 F.2d stated:

> "*Moreover, notice to plaintiff's attorney of record of the judgment and of the denial of the motion for a new trial constituted notice to the plaintiff.* Rule 5, Federal Rules of Civil Procedure (28 U.S.C.A.); Howard v. Local 74, etc., supra. No showing was made before the District Court that would justify an exception to the general principle, recognized by Rule 5, that notice to counsel of record is notice to

the party he represents." (Emphasis supplied.)

See, also, 2 Moore's Federal Practice, § 506, n. 1, p. 1351; 7 Moore's Federal Practice, § 73.09[3], n. 5, pp. 3176–3178; Annotation, Extension of Time For Appeal, 9 L.Ed.2d 1088, 1093.

*Harris*, supra, arising under Rule 73 (a), involved a peculiar fact situation in that appellant's general counsel was out of the country at the time of entry of a final appealable order and therefore in order to preserve the right of appeal the local trial counsel requested a hearing *within the original 30 days*, at which time an additional two weeks were granted by the District Court within which to file a notice of appeal. Appellant's general counsel later returned to the country and learned of the entry of judgment within the original 30 days but did not file a notice of appeal until the conclusion of the additional two weeks that had been granted upon the timely request of trial counsel within the original 30 days. The Supreme Court concluded that:

> "In view of the obvious great hardship to a *party* who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of *unique circumstances* sufficient that the Court of Appeals ought not have disturbed the motion judge's ruling." (Emphasis supplied.) Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 1962, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261.

The Supreme Court, in its reference to the "party" as quoted above, is referring to the general counsel who was in charge of conducting the appeal. Because there was a timely hearing and reliance by counsel upon the District Court's extension of time for appeal, the Supreme Court found the existence of such "unique circumstances" that it was.

necessary to permit an exception to the mandatory jurisdictional requirement that notice of appeal be filed within 30 days of the entry of an appealable order. In the instant case it is clear that such "unique circumstances" were not present. Appellant's counsel, who was continually in control of the proceedings from the filing of the original complaint to the prosecution of the instant appeal, admittedly had timely notice of the entry of a final appealable order. In light of the authorities set out above, notice to counsel under Rule 73(a) must be held to be notice to the party he represents. There is no reliance in the instant action as there was in *Harris,* supra, for counsel here sat for 60 days without attempting to protect or perfect an appeal. Because the party had timely notification of the entry of a final appealable order within the meaning of Rule 73(a), there can be no showing of excusable neglect. The appellant was therefore not entitled to the additional 30 days within which to bring this appeal.

In summation we conclude that:

1. The time requirements set forth under Rule 73(a) within which to appeal following the entry of a final appealable order are mandatory and jurisdictional.

2. If appellant (a) takes timely action to protect the right of appeal *and* (b) offers a valid excuse recognized by Rule 73(a) for his failure to bring an appeal within the original 30 days, the District Court may, acting upon its sole discretion, extend the time within which a notice of appeal may be filed an additional 30 days after the expiration of the original 30 days.

3. A motion for extension of time to appeal may be made before or after the original 30 days, but if made after the expiration of the original 30 days, an adversary hearing on the motion is required before it may be granted by the District Court.

4. At said hearing movant must show that excusable neglect within the precise meaning of Rule 73(a) precluded him from bringing a timely appeal.

5. The principal ground of excusable neglect under Rule 73(a) and one upon which appellant here relies is the failure of a *party* to timely learn of the entry of judgment.

6. A contextual examination of Rule 73(a) and the other relevant Federal Rules with which Rule 73(a) concurrently functions compels the conclusion that notice to the attorney for a party is notice to the party under Rule 73(a).

7. Because there was timely notification to the party's attorney herein, there was timely notification to the party, and therefore as a matter of law there was no showing of excusable neglect within the meaning of Rule 73(a) which would permit an extension of time beyond the original 30 days.

8. The District Court's granting of an additional 30 days within which to bring an appeal is void and since no appeal was taken within the original 30-day period, the Court of Appeals has no jurisdiction.

Because of the foregoing, plaintiff-appellant's appeal is dismissed as untimely.