**FAIRWAY CENTER CORPORATION,
Appellant,**

v.

**U. I. P. CORPORATION, Appellee.**

**No. 73–1773.**

United States Court of Appeals,
Eighth Circuit.

Feb. 7, 1974.

Edward W. Dailey and William R. Ruther, Burlington, Iowa, for appellant.

J. C. Riley, H. C. Walsh and Elmer M. Jones, Burlington, Iowa, for appellee.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This case comes before us pursuant to appellee's motion for summary dismissal of appellant's appeal. *See* Rule 9(b) of this court. The motion is denied.

■ Appellee's only substantial argument is that appellant has not perfected his appeal within the 30 day time requirement of Fed.R.App.P. 4(a). The District Court entered judgment in this case on August 21, 1973. Sometime before August 31, the appellant telephoned the district judge and requested an extension of time to file post trial motions. The District Court granted an extension to September 21, 1973. On September 17, 1973, the parties stipulated that appellant be given additional time, and on September 21, 1973, an order was filed granting appellant until October 15, 1973, to file any post trial motions. On October 15, 1973, appellant filed a motion for a new trial, a motion to extend the time for appeal to this court, and a

notice of appeal. On October 17, 1973, the District Court denied appellant's motion for a new trial, granted his motion to extend the time for appeal, and ignored the October 15th notice of appeal as being premature. The District Court reasoned that appellant's failure to timely perfect his appeal was excusable neglect, since the District Court had improperly granted him extensions of time to file post trial motions.[1] The District Court granted appellant 60 days from the filing of the judgment to file his notice of appeal. Appellant filed his notice of appeal on October 19, 1973, which was timely under the absolute 60 day limitation. *See,* Winchell v. Lortscher, 377 F.2d 247, 251 (8th Cir. 1967).

■ While we reaffirm the holding of *Winchell*, we think the facts here constitute a narrow exception predicated on Fed.R.App.P. 4(a) and agree with the District Court that appellant should be allowed to appeal due to excusable neglect. Fed.R.App.P. 4(a); Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); 9 Moore's Federal Practice § 204.12 [2] at 954–58. Appellee in part argues that *Winchell* should be applied to the facts of this case and that an evidentiary hearing should have been conducted by the District Court to determine if there was excusable neglect before allowing the application of the extension of time pursuant to Fed.R.App.P. 4(a).

■ *Winchell* required an adversary hearing in order to offer the appellant an opportunity to show that his failure to timely appeal was based upon *his* failure to learn of an entry of judgment. Winchell v. Lortscher, *supra* at 252, 255. *Winchell*, however, was not concerned with the special type of excusable neglect recognized by Wolfsohn v. Hankin, *supra*. *Wolfsohn* carves out a special category of excusable neglect that allows an appellant to file an otherwise untimely appeal when the District Court has erred in granting an extension of time for a motion for a new trial. Under the *Wolfsohn* rationale, the appellant's excusable neglect is due to the error of the District Court in granting an extension of time for a motion for a new trial and thereby misleading appellant as to the proper time in which to appeal.[2] The situation here does not require an adversary hearing to determine excusable neglect, because the important fact to be considered is any error by the District Court in granting extensions of time. Of course, the District Court has this knowledge, since it involves its actions. An adversary hearing, therefore, would not be illuminating and would only serve as a waste of judicial and legal energies. We conclude that the granting of the appellant's extension of time to appeal due to excusable neglect[3] without affording appellee notice and opportunity to be heard

1. Under Fed.R.Civ.P. 59(b), a motion for a new trial must be served not later than 10 days after the entry of judgment. The District Court cannot enlarge this time pursuant to Fed.R.Civ.P. 6(b) for filing of a motion for a new trial under Rule 59(b) or for filing such a motion due to excusable neglect under Rule 60(b). However, Fed.R.App.P. 4(a), cited in the text, does allow an extension of time for filing a notice of appeal due to excusable neglect.

2. In a five to four decision in *Wolfsohn*, the majority merely reversed the dismissal of the appeal on the authority of Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) and Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.

Ct. 397, 11 L.Ed.2d 404 (1964). Professor Moore explains *Thompson* and *Wolfsohn:*

But it must be stressed that *Thompson* and *Wolfsohn* hold only that if, at a time when he may appeal, a party is misled by the words or conduct of the district court into believing that he need not then appeal, he ought not lose his right to appeal by reason of the mistake of the district court. Those decisions do not gainsay the general proposition that an untimely motion has no effect upon the running of the time for appeal.

Moore's Federal Practice, *supra* at 958 (footnotes omitted).

3. Here, the excusable neglect was the inadvertent error by the District Court in granting an extension of time for a motion for a new trial.

should not preclude appellant from arguing this appeal.

We have examined appellee's other arguments and find them without merit. However, the following clarifications are necessary. On December 27, 1973, appellant designated parts of the record to be included in the appendix and issues to be argued on appeal. Appellee now has ten days from the filing of this opinion in which to notify the appellant of any other parts of the record to be included in the appendix. Appellant *must* file and serve his brief and appendix 30 days after the receipt from defendant of any designated parts of the record to be included in the appendix. If appellant receives no designated parts of record from defendant, appellant has 40 days from the filing of this opinion to serve and file his brief. Appellee then shall serve and file his brief within 30 days after service of appellant's brief. Appellant's reply brief, if desired, must be filed within 14 days after service of appellee's brief.

Appellee's motion to dismiss is denied.