665 F.2d 180
 Donald C. ELLINGSWORTH, Jr., Administrator of the Estate of
Laura Rogers, Deceased, Plaintiff-Appellee,
v.
Clark CHRYSLER and Carol Banning, d/b/a The Silver Dollar
Tavern, and Clyde Waller, Jr., d/b/a Diamond
Tavern, Defendants-Appellants.
 No. 81-1053.
 United States Court of Appeals, Seventh Circuit.
 Argued June 10, 1981.
Decided Dec. 1, 1981.
 
 1
 Alexandra De. Saint Phalle, Thomas F. Londrigan, Springfield, Ill., for defendants-appellants.
 
 
 2
 Craig H. DeArmond, Harlan Heller Ltd., Danville, Ill., for plaintiff-appellee.
 
 
 3
 Before SWYGERT, Senior Circuit Judge, CUDAHY, Circuit Judge, and EAST,* District Judge.
 
 
 4
 EAST, District Judge.
 
 
 5
 Defendants-appellants Chrysler, Banning, and Waller appeal from the denial of their post-trial motions to set aside a default judgment entered against them after they failed to appear at trial in a diversity action.
 
 I. BACKGROUND
 
 6
 The defendants are owners of taverns in Illinois. According to the amended complaint, the defendants or their employees negligently sold alcoholic beverages to an intoxicated person, one Patricia Hedden, on December 23, 1977. Hedden then drove her car to Indiana where, allegedly as a result of her intoxication, she drove off the road. Plaintiff's decedent Laura Rogers, who was a passenger in the car, was killed in the accident.
 
 
 7
 After the cause was commenced, the defendants moved to dismiss on the grounds that the amended complaint failed to state a cause of action. The District Court denied the motion because it was unaccompanied by a supporting brief as required by a local court rule.
 
 
 8
 Thereafter, the proceedings were stayed to permit resolution of a declaratory judgment action in state court concerning the defendants' insurance coverage. Defendants' attorney, John Lynaugh, failed to appear for several status calls, and the District Court revoked the stay of the proceedings on December 6, 1979.
 
 
 9
 On April 24, 1980, the District Court held a status call which Lynaugh attended. After some discussion concerning possible trial dates and the likelihood of a prior trial lasting longer than anticipated, the cause was set for trial on August 25, 1980.
 
 
 10
 Neither the defendants nor their attorney appeared on the morning of trial. No attempt was made to contact them. After waiting thirty-two minutes, the court found the defendants in default. A jury was immediately empaneled to hear the damages issue and returned an award of $175,000. The court entered the judgment against the defendants the same day.
 
 
 11
 On September 3, 1980, the defendants filed a post-trial motion for relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(1)[1] alleging that the judgment was the result of mistake, inadvertence, or excusable neglect. Attorney Lynaugh attached an affidavit in support of the motion which stated, in part, that it was his understanding that the case was set for trial after August 25, 1980, and that he thought he would be notified of the specific date and time of trial. Lynaugh also stated that his absence at the earlier status calls was occasioned not by disregard for the orderly procedure of the case but by a mistaken belief that attendance at status calls was not required while the stay of the proceedings was in effect. His failure to appear at a status call after he was disabused of this misconception was blamed on illness.
 
 
 12
 David Lewis, an attorney representing defendants Chrysler and Banning in the state declaratory judgment action, also submitted an affidavit stating that he was present at the status call and that he understood the order of the court to be that the trial would be on some date after August 24, 1980, at the convenience of the court.
 
 
 13
 In an affidavit accompanying an amendment to the Rule 60(b)(1) motion, Lynaugh averred that the defendants had meritorious defenses in that they had not known or had reason to know that Hedden was intoxicated and that the deceased had been contributorily negligent.
 
 
 14
 The District Court denied the motion. In reaching its conclusion, the court reviewed the history of the case, noting that no declaratory judgment had been forthcoming, that Lynaugh had failed to appear at four status calls, and that the date of trial had been set in open court. The court concluded that defendants' default had not been the result of "excusable neglect" within the meaning of Rule 60(b)(1), and that the integrity of the court's calendar overrode the reasons advanced in support of the motion to set aside the judgment.
 
 II. DISCUSSION
 A. Denial of the Motion to Dismiss
 
 15
 Defendants first contend that the District Court erred in denying their motion to dismiss the complaint simply because the motion was not accompanied by a supporting brief. We do not decide this issue because it is not properly before us.
 
 
 16
 Defendants did not raise the claim that their motion to dismiss had been improperly denied in support of their Rule 60(b)(1) motion, and this contention is not otherwise reviewable because defendants have not timely appealed directly from the default judgment.
 
 
 17
 The filing of a Rule 60(b)(1) motion neither affects the finality of the original judgment nor tolls the thirty day time limit of Fed.R.App.P. 4(a)(1)[2] for taking an appeal from that judgment. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521 (1978); Needham v. White Laboratories, Inc., 639 F.2d 394, 397 n.4 (7th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. ----, 69 L.Ed.2d --- (U.S. Oct. 13, 1981). While Rule 4(a)(1) does permit a timely appeal from the denial of a Rule 60(b)(1) motion, such an appeal does not bring up the underlying judgment for review where the time for appeal from that judgment has run. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7.
 
 
 18
 Here, the default judgment was entered August 25, 1980, but the notice of appeal was not filed until January 12, 1981. Thus, the notice of appeal was timely only as to the denial of the Rule 60(b)(1) motion, and our review is accordingly restricted to the propriety of the court's denial of that motion. Because defendants' Rule 60(b)(1) motion did not challenge the District Court's earlier denial of the motion to dismiss the complaint, we do not review that ruling here.
 
 B. Denial of the Rule 60(b)(1) Motion
 
 19
 A District Court's decision to grant or deny relief from a judgment under Rule 60(b)(1) may only be reversed for an abuse of discretion. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7; Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977). In order to qualify for relief from a judgment under Rule 60(b)(1), the defendants must demonstrate that the default judgment resulted from mistake, inadvertence, surprise or excusable neglect and that they have a meritorious defense. Id. "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)" Id.; Bershad v. McDonough, 469 F.2d 1333, 1337 (7th Cir. 1972).
 
 
 20
 Here, defendants' attorney Lynaugh contends that he misunderstood the District Court when it set the date for trial. Our review of the colloquy at issue, set out below,[3] reveals that there was indeed some confusion concerning when the trial would be set and whether a preceding trial would last longer than anticipated, thus forcing a delay in the commencement of this trial.
 
 
 21
 In accordance with the practice of the District Court, no written notice was ever sent to Lynaugh or to the defendants to confirm the date of trial. Further, no attempt whatsoever was made to contact Lynaugh or the defendants when they failed to appear on August 25. Under these circumstances, we conclude that the defendants' failure to appear at trial was the result of mistake or excusable neglect.
 
 
 22
 The post-trial motion and affidavits alleged, in part, that the defendants did not know or have reason to know that Patricia Hedden was intoxicated at the time in question, and that two named witnesses would establish that the deceased was contributorily negligent by testifying that she had been a willing drinking companion and passenger in Hedden's automobile on the night of the accident.
 
 
 23
 The first defense is particularly noteworthy. In diversity cases, the choice of law principles of the forum state determine the substantive law to be applied. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The District Court here never articulated a finding that under Illinois' choice of law principles, the substantive tort law of Indiana would apply. Nor did the court explicitly find that the complaint stated a cause of action under either Indiana or Illinois law.
 
 
 24
 Nonetheless, plaintiff contends that Indiana law applies. Accepting this contention as true, however, we note that Indiana recognizes a cause of action for the sale of alcoholic beverages to a person who is already intoxicated only where the seller knows that the person is intoxicated. Parrett v. Lebamoff, 408 N.E.2d 1344 (Ind.App.1980). Thus, defendants' allegations that they did not know Hedden was intoxicated, and that they did not sell alcoholic beverages to anyone who reasonably appeared to be intoxicated, sufficiently alleged a meritorious defense.
 
 
 25
 Similarly, the defense of contributory negligence was sufficiently established by the averments that two named witnesses would testify that the deceased had willingly accompanied Hedden for an evening of drinking on the night of the accident, and that she had been a willing passenger in Hedden's car.
 
 
 26
 This court has noted that "(t)he philosophy of modern federal procedure favors trials on the merits." Dormeyer Co. v. M.J. Sales & Distributing Co., 461 F.2d 40, 43 (7th Cir. 1972), quoting Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C.Cir.1966).
 
 
 27
 A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir. 1976); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). Thus, it is appropriate that Rule 60(b)(1) be liberally applied in the context of default judgments, especially where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).
 
 
 28
 Although the plaintiff here contends that the defendant failed to comply with the court's orders and rules on several occasions before the date of trial, our review of the record convinces us that the default judgment was entered primarily because defendants failed to appear on an uncertain day of trial.
 
 
 29
 The record here reveals no willful pattern of disregard for the court's orders or rules. The defendants have been burdened with a $175,000 judgment with no opportunity to present their defenses because their attorney misunderstood the court when it orally announced the date of trial. Although the District Court was quite properly concerned with maintaining the integrity of its calendar, its refusal to set aside this default judgment does little to prevent future misunderstandings of this type. In these circumstances, we conclude that it was an abuse of discretion to refuse to set aside the judgment.[4] Accordingly, the judgment of the District Court is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.
 
 
 30
 Vacated and Remanded. Circuit Rule 18 shall apply.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 60(b)(1) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....
 
 
 [2]
 Fed.R.App.P. 4(a)(1) provides, in relevant part:
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from ....
 
 
 [3]
 The pertinent portion of the transcript of the April 24, 1980 transcript is as follows:
 THE COURT: All right. On the docket entry show in Ellingsworth versus Chrysler, status call held. Discovery timetable on file, approved by the Court. Discovery to close by July 24, 1980. Cause set for trial-
 Clerk: Monday, August 4th, Case No. 2.
 The Court: After August 24.
 Clerk: I thought it was July 24.
 The Court: That's right. That's when discovery closes, but they want a month to get ready for trial. This is a straight dram shop, right?
 Mr. Lewis: No. This is an Indiana common law.
 Mr. Dearmond: Common law negligence.
 Mr. Lynaugh: There's no extra-territorial affect on dram.
 The Court: It's for drinking. This is a case that involves drinking?
 Mr. Lewis: Yes.
 Clerk: Monday, August 25th.
 The Court: Sure. All right. Cause set for trial Monday, August 25, 1980. Estimated length of trial two days. Pre-trial conference waived by the Court. We don't need to have a pre-trial conference in a case like this.
 Clerk: They're being set right now as case no. 1, however we have Herman Development starting the week before which may overlap.
 The Court: You might want to be advised of that. You're case no. 1 on that day, however, there is something called the Herman Development Company which is going to trial the week before, and the Herman Development Company when fully assembled looks like a meeting of the bar association and it may very well last through that week too.
 Mr. Dearmond: I would be very surprised if we could get through in two weeks.
 The Court: They may not even finish opening statements by then if each lawyer makes an opening statement, so you keep in touch with the Clerk and we'll advise you, but you may not be first.
 
 
 [4]
 Our disposition of defendants' appeal from the denial of their Rule 60(b) (1) motion renders it unnecessary to determine whether the District Court erred in refusing to set aside the judgment on the grounds that defendants were not given three days' notice of entry of the default pursuant to Fed.R.Civ.P. 55(c). Defendants first raised this issue in a second amended post trial motion filed after the court had denied the Rule 60(b)(1) motion