**John Stephan PARISIE,**
**Petitioner-Appellant,**

v.

**J. W. GREER, Warden, Menard Correctional Center, Respondent-Appellee.**

**No. 80–1940.**

United States Court of Appeals,
Seventh Circuit.

June 2, 1982.

Rehearing En Banc Granted
Aug. 5, 1982.

Before SWYGERT, Senior Circuit Judge, CUDAHY, Circuit Judge, and EAST, Senior District Judge.*

### ORDER

The question presented by the State's petition for rehearing involves the filing of a Rule 59 motion. Although Parisie characterized his motion as a Rule 60 one, he was acting pro se. The substance of the motion was a Rule 59 one—a motion to reconsider. Moreover, Judge Foreman treated it as a Rule 59 motion and the State did not object to this treatment.

There is no doubt that the motion to reconsider was not timely filed. Nonetheless, several considerations justify waiving the technical-time requirement.

First, we must consider Judge Foreman's initial failure to treat Parisie's motion for an extension of time. It is perhaps true that the Rules do not allow an extension of time to file a Rule 59 motion. But if Judge Foreman had ruled quickly to that effect and had informed Parisie that the time to move for reconsideration had passed, then Parisie could have filed a timely appeal to this court on the merits. Instead the judge sat on the motion, allowed Parisie to file his motion to reconsider, and considered the motion on the merits. The State did not object to this treatment. Given the pro se nature of Parisie's work, it was quite reasonable for Parisie to conclude that failure to rule on his motion for an extension of time still left him in the trial court.

Second, when Judge Foreman treated Parisie's motion on the merits the State never objected. The State should have raised this issue before Judge Foreman to permit him to confront it. Even when the State finally objected on appeal, it failed to show prejudice. In every single memorandum on this issue (to the motion panel, to the panel itself, and in its petition for rehearing), the State failed to show how Parisie's pro se technical failure prejudiced the State. Moreover, given the State's re-peated inordinate number of requests for continuances in this court, it can hardly plead prejudicial delay.

Third, all these events involved a pro se litigant working under the worst possible conditions. Parisie stated in his affidavit accompanying his motion for an extension of time that he could not get access to the law library in the prison and could not have his papers typed and mailed to meet the ten-day requirement. Access to these things is never easy in prison, but conditions were exacerbated because of the Holiday Season. Parisie's only failure was a technical one involving timeliness. Courts have often recognized the special latitude given pro se litigants. *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521, does not hold otherwise. In *Browder* it was the *State* that failed to file timely, and on those facts the Supreme Court strictly enforced the timeliness requirement. Here we have a pro se litigant who failed to file timely. This factual difference is crucial.

There are two reasons for the time limitation to file a Rule 59 motion. First it alerts the district judge of the grounds for a new trial or a reconsideration without too much delay following the verdict or judgment. Second, it starts promptly the appellate process if such is undertaken. However, the ten-day limitation is not inflexible. Professor Wright has written:

A motion for a new trial, stating grounds therefore, must be made within 10 days after the entry of judgment. Though the tendency has been to apply this strictly, and to hold that neither waiver nor estoppel nor acquiescence by the opposing party can permit the court to act on an untimely motion, a doctrine has developed allowing relief where a party has been misled by action of the court purporting to enlarge the time, even though the court lacks power to make such an order.

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Wright, Law of Federal Courts, § 95 at 469. *See also* 9 Moore's Federal Practice § 204.-12[2]. Cases supporting the proposition that extenuating circumstances may provide relief from the ten-day limitation for the filing of a Rule 59 motion include *Thompson v. INS*, 375 U.S. 384, 386–87, 84 S.Ct. 397, 398–399, 11 L.Ed.2d 404 (1964); *Eady v. Foerder*, 381 F.2d 980, 981 (7th Cir. 1967); *Fairway Center Corp. v. UIP Corp.*, 491 F.2d 1092, 1093–94 (8th Cir. 1974). Here ample extenuating circumstances exist; it would be inequitable and unjust to allow a miscarriage of justice because of a technical failure by a pro se litigant.

CUDAHY, Circuit Judge, concurring:

Although I dissented in part, on the merits, from the panel opinion, 671 F.2d 1011, I concur here in the denial of the state's petition for rehearing with suggestion for rehearing *en banc* on jurisdictional grounds. Moreover, I agree with Judge East that both the majority disposition and his own suggested disposition of the rehearing petition present acceptable grounds to sustain appellate jurisdiction. The denial of the rehearing petition is, I believe, buttressed in part by the state's failure to raise its untimeliness objections to Parisie's post-trial motions before the district court. It would be helpful to have in the record the thinking of the district court rather than to be forced to infer merely from the sequence of events how the district court characterized Parisie's motions and what jurisdictional conclusions it drew from its own characterizations. Denial of rehearing is further supported by the decision of a prior panel of the court (Chief Judge Cummings and Judge Pell) in denying before oral argument the state's motion to dismiss for the very reasons now urged in the petition for rehearing. The state chose to seek rehearing on jurisdictional grounds rather than on the merits. I do not accept the state's jurisdictional argument, an argument which has been previously rejected by two different panels of this court. Admittedly we are not barred by any doctrine of repose from examining at any point our own jurisdiction, but as a practical matter the history of decisions here weighs significantly against the state's argument.

EAST, Senior District Judge, specially concurring:

I specially concur in the conclusion of the majority that this court held appellate jurisdiction.

The majority reaches that conclusion through the route of Rule 59, Fed.R.Civ.P., and the case law. I do not disagree on that score. However, I do believe that an equally rational alternate route to appellate jurisdiction is available through Rule 60(b)(6), Fed.R.Civ.P., and the case law.

The District Court, without an oral hearing and proceeding solely upon Parisie's pro se papers, entered a summary judgment in favor of Greer on December 18, 1979. On February 2, 1980, Parisie filed his pro se motion with supporting memorandum, for reconsideration of the December 18, 1979 final judgment. The District Court recognized that "liberal construction is to be accorded material drawn *pro se*" and entertained the merits of the motion for reconsideration. *Wilson v. Phend*, 417 F.2d 1197, 1199 (7th Cir. 1969). *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Bryant v. Harris*, 465 F.2d 365 (7th Cir. 1972). Thereupon the District Court considered the motion as having been made under both Rule 59 and Rule 60 and ultimately denied the merits of the motion for reconsideration on May 8, 1980. Parisie timely filed a notice of appeal from that denial order.

Mr. Justice Blackmun entered a concurring opinion in *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, at 272, 98 S.Ct. 556 at 565, 54 L.Ed.2d 521. I find the following sentence at the close of page 274, 98 S.Ct. of page 566 more challenging than disarming:

Under these circumstances [respondent's disavowal of reliance on Rule 60(b) ], I see no obligation on this Court's part to attempt to rescue respondent's case on a Rule 60(b) basis.

In its published disposition of this case, this court held that the District Court committed reversible error in failing in its summary judgment to consider and adjudicate the decisive constitutional issue of "[w]hether Parisie was deprived of his

Sixth Amendment right to present a defense when the trial court refused to allow three crucial defense witnesses to testify." 671 F.2d 1011.

Here the pro se defendant acted as promptly as his circumstances of imprisonment would permit to alert the attention of the District Court to the lack of its consideration and adjudication of the decisive issue of whether he had been accorded constitutional due process throughout his state court criminal trial. He clung to every procedure open to him.

I would elect to consider the cause here as a timely appeal from the District Court's denial of the merits of a Rule 60(b)(6) motion for reconsideration of the December 18, 1979 summary judgment.

In *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390–391, 93 L.Ed. 266 (1949), the Court held that Rule 60(b)(6), for all reasons except the five particularly specified in Rule 60(b)(1)–(5), "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." The denial of a Rule 60(b)(6) motion is a final order within the meaning of Federal Rules of Appellate Procedure 4(a), and is thus appealable. *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7. However, the filing of a Rule 60(b)(6) motion neither affects the finality of the original judgment nor tolls the time limit for taking an appeal from that judgment. *Id.; Ellingsworth v. Chrysler*, 665 F.2d 180, 183 (7th Cir. 1981); *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 397 n.4 (7th Cir. 1981), *cert. denied*, 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981). Thus, a Rule 60(b)(6) motion does not bring up the underlying judgment for appellate review, and a ruling on such a motion is reviewable only for an abuse of discretion. *Browder v. Director, Ill. Dept. of Corrections; Ellingsworth v. Chrysler; Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977).

A grant of relief under the circumstances here will not violate the policy of preventing Rule 60(b)(6) from being used to circumvent the requirement of a timely notice of appeal. *See Fox v. Brewer*, 620 F.2d 177 (8th Cir. 1980); *Oliver v. Home Indemnity Co.*, 470 F.2d 329 (5th Cir. 1972). Parisie can in no sense be said to have made a "free, calculated, deliberate" choice not to appeal from the summary judgment. *See Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950).

I conclude that the District Court abused its discretion in not considering and adjudicating Parisie's renewed constitutional due process claim through a reconsideration of the delinquent summary judgment.

Ordinarily, the cause should be remanded to the District Court for such a reconsideration in light of the pertinent authorities cited in the court's published decision herein. However, since we have the same record before us that would be before the District Court, and the parties have fully addressed us on the issue through the briefings, we should deem that judicial expediency and the furtherance of justice demand that we meet the issue and make a disposition now in the light of the pertinent authorities cited in the published decision.

I join in the majority's denial of Greer's petition for rehearing.