787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DEAN R. KIBBE, Plaintiff-Appellant
v.
CITY OF PORT HURON, Defendant-Appellee.
 85-1943, 86-1141
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: KENNEDY, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's motion requesting a temporary restraining order (TRO) from this Court to stay and set aside the writ of restitution evicting the appellant and his dogs from his apartment, and issued on November 27, 1985, by a Michigan state judge.
 
 
 2
 The appellant is appealing the district court order issued on October 28, 1985, denying the appellant's motion to disqualify District Judge James Harvey and nullify all previous judicial orders, denying appellant's motion to amend the complaint, and denying the appellant's motion for a temporary restraining order. (Case No. 85-1943) The appellant is also appealing the order issued by the district court on December 12, 1985, denying the appellant's motion to proceed in forma pauperis on appeal. (Case No. 86-1141)
 
 
 3
 On April 9, 1985, the appellant commenced his action in district court, alleging that the appellee, the City of Port Huron, had conspired to fraudulently deny the due process and equal protection rights of the appellant and the people of Port Huron. The appellant initially requested a TRO on April 11, 1985. The appellant sought to stay the development of the City of Port Huron's Peerless nonwaterfront property into the Thomas Edison Inn. The Thomas Edison Inn Proposal had been approved by the voters in a special election on March 26, 1985. The district court denied the TRO because the appellant's motion did not meet the requirements of Federal Rule of Civil Procedure 65(b). The court noted that the appellant could move for a preliminary injunction which the appellant did on April 19, 1985. On August 5, 1985, the district court dismissed the appellant's case for lack of standing and mootness and denied the motion for a preliminary injunction.
 
 
 4
 Thereafter, the appellant filed a motion to disqualify District Judge James Harvey on August 22, 1985; a motion to amend the complaint on September 24, 1985; and a motion for a TRO on October 3, 1985. The district court's October 28, 1985, order denied all of the above motions and construed them as motions to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e).
 
 
 5
 The district judge entered his original order denying the preliminary injunction on August 5, 1985. Federal Rule of Civil Procedure 59(e) requires the motion to alter or amend judgment to 'be served not later than 10 days after entry of judgment.' Thus, all three motions were well outside the 10 day time limit and should have been denied on that basis. Judge Harvey chose to waive the 10 day rule and relied on case law which recognizes certain extenuating circumstances. See Thompson v. INS, 375 U.S. 384, 386-387 (1964); Parisie v. Greer, 685 F.2d 1016, 1017-18 (7th Cir. 1982), cert. denied, 464 U.S. 918, 464 U.S. 950 (1983); Fairway Center Corp. v. U.I.P. Corp., 491 F.2d 1092, 1093-94 (8th Cir. 1974); Eady v. Foerder, 381 F.2d 980, 981 (7th Cir. 1967). In all four of these cases the court allowed the appellant to believe the 10 day rule had been met or waived. Thus, the reliance on the court's representation justified the waiver of the 10 day rule.
 
 
 6
 No such reliance or waiver exists in the instant case. The rule in this Circuit requires compliance with the provisions of Federal Rule of Civil Procedure 59(e). See Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir. 1984). The notice of appeal was filed on November 26, 1985, 113 days after the August 5, 1985, judgment. The appeal must be dismissed for lack of jurisdiction. Myers v. Ace Hardware, Inc., 777 F.2d 1099 (6th Cir. 1985); Federal Rule of Appellate Procedure 4(a)(1).
 
 
 7
 The appellant has also requested that this Court stay and set aside the writ of restitution evicting the appellant and his dogs from his apartment, and issued on November 27, 1985, by a Michigan state judge. Federal Rule of Appellate Procedure 8(a) requires that the application for a stay 'must ordinarily be made in the first instance in the district court.' A motion may be made in the Court of Appeals if the appellant shows that relief is not practicable in the district court, 'or that the district court has denied an application, or has failed to afford the relief which the appellant requested . . ..' The appellant has not requested a TRO in district court. However, the appellant's request must be made in state court since relief is available there.
 
 
 8
 The appellant also appeals the denial of his motion to proceed in forma pauperis on appeal. This is a nonappealable order. See Federal Rule of Appellate Procedure 24(a) and Advisory Committee Notes. Federal Rule of Appellate Procedure 24(a) provides that the appellant may file a motion for leave to proceed in forma pauperis in the Court of Appeals within 30 days after notice of the district court's denial. The appellant filed his notice of appeal in the district court which does not comply with Rule 24(a). The Court is therefore without jurisdiction to hear the case.
 
 
 9
 For the foregoing reasons, it is ORDERED that the appellant's motion for a temporary restraining order is denied. Federal Rule of Appellate Procedure 8(a).
 
 
 10
 It is further ORDERED that the appeals in Case Nos. 85-1943 and 86-1143 be and they hereby are dismissed for lack of jurisdiction.